BUCKINGHAM v. VINCENT et al.

(Supreme Court, Appellate Division, Second Department.   December 31, 1897.)

1. CONVERSION BY SERVANT—LIABILITY TO OWNER.
    Where a master furnishes his servants to another, under instructions to remove and transport such goods as the latter may point out to them, and they, in accordance with such instructions, and not for any purpose of their own, seize and carry away the goods of a third party against his protest and assertion of ownership, their act renders the master liable for conversion.

2. SAME—NECESSITY OF DEMAND.
    In an action for conversion, if the original possession of the defendant was tortious, no proof of demand and refusal is necessary.

Appeal from trial term.

Action by Annie Buckingham against Charles W. Vincent and George B. Wheeler, executors of George T. Ross.   From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Frank B. Lown, for appellants.

Walter Farrington, for respondent.

CULLEN, J.   This action was brought for the conversion of a piano.   The only question raised on this appeal which it is necessary to discuss is the sufficiency of the proof of conversion by the defendants' testator.   Though the evidence is meager, it would seem to establish, or at least permit the inference, that the defendants' testator furnished his team and servants to the plaintiff's husband under general instructions to remove the latter's goods.   The plaintiff's husband directed the men in charge of the team to remove the piano in suit.   The plaintiff forbade its removal, and told the servants of defendants' testator that, if they moved the piano, they would have to pay for it.   This warning by the plaintiff not to remove the piano is substantially conceded in the defendants' evidence.   Notwithstanding this protest, the men removed the piano to the house of the defendants' testator, where it has ever since remained.   No proof was given tending to show a subsequent demand by the plaintiff on the defendants' testator for the return of the piano, though it appeared that the plaintiff called on him at his house.   This may be explained by the fact that the decease of the defendants' testator precluded the plaintiff from testifying to any personal transaction with him.   The appellants' counsel insists that the property came into the possession of defendants' testator lawfully, and, until demand for its possession and refusal, no conversion took place.   There can be no question that the action of the defendants' servants who had charge of the team was tortious in its inception.   They were notified of the plaintiff's claim to the property and forbidden to remove it.   The only question there can be is whether the defendants' testator was liable for the tortious act of the servants.   It is not enough to relieve the master from responsibility for the acts of his

servants that such acts are wrongful, or even in violation of his express instructions. If the acts are committed within the scope of the employment of the servant, and in the discharge of his duties to the master, the master is liable. Here the instruction of the master to the servants and the particular services which the servants were called upon to perform were to remove and transport such goods as might be pointed out to them for that purpose by the plaintiff's husband. The acts done by the servants were not for any purpose of their own, nor are the men in charge of the team to be considered in this respect the servants of the plaintiff's husband alone, so as to exclude the responsibility of the defendants' testator. The former had no general control over them. The taking by the defendants' servants must, therefore, be considered in law as the act of their master, and, the original possession of defendants' testator being thus tortious, no demand and refusal were necessary. The conversion was complete at the time the goods were removed. The judgment and order appealed from should be affirmed, with costs. All concur.