James Hull, Appellant, *v.* Lucius N. Littauer et al., Respondents.

|  |  |
|---|---|
| 162 | 569 |
| e172 | 258 |
| 162 | 569 |
| 173 | 83 |

Witness — When Credibility of Party is a Question of Law. The rule that the credibility of a witness who is a party to the action must be submitted to the jury is not an absolute and inflexible one, and where his evidence is not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and is not improbable, nor in its nature surprising or suspicious, there is no reason for denying to it conclusiveness; hence, where one of the defendants, in an action for goods sold, testified that the contract was entire and had been performed only in part, and his testimony is not contradicted or discredited, a verdict in their favor is properly directed by the trial court.

*Hull* v. *Littauer*, 8 App. Div. 227, affirmed.

(Argued March 19, 1900; decided May 1, 1900.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 7, 1896, affirming a judgment in favor of defendants entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Clark L. Jordan* for appellant. The direction of a verdict on the uncorroborated testimony of a party, or one interested in the event, is error. (*Kavanagh* v. *Wilson,* 70 N. Y. 177; *Leavitt* v. *Dodge,* 41 N. Y. S. R. 581; *Honegger* v. *Wettstein,* 94 N. Y. 252; *Spingarm* v. *Rosenfeld,* 4 Misc. Rep. 523; *Stone* v. *Flower,* 47 N. Y. 566; *Eisenlord* v. *Clum,* 67 Hun, 518; *Witcher* v. *Holland W. W. Co.,* 66 Hun, 619; *Potts* v. *Mayer,* 74 N. Y. 594.) The defense that the plaintiff had failed to deliver the entire quantity sold by Tollman to the defendants is sustained only by the testimony of the interested parties. That testimony is contradicted, and raised an issue which should have been submitted to the jury. (*M. C. Works* v. *Schad,* 38 Hun, 71; *Gildersleeve* v. *Landon,* 73 N. Y. 609; *Roseberry* v. *Nixon,* 58 Hun, 121.)

*Edgar A. Spencer* for respondent. The court did not direct a verdict on the uncorroborated testimony of an interested person. (1 Phillips on Ev. [Edwards' ed.] 14.) It is not always error for the trial court to direct a verdict on the uncorroborated testimony of a party interested in the event. (*Kelly* v. *Burroughs*, 102 N. Y. 93; *Elwood* v. *W. U. T. Co.*, 45 N. Y. 549; *Lomer* v. *Meeker*, 25 N. Y. 361; *L. Nat. Bank* v. *Kirk*, 41 N. Y. Supp. 15; *Johnson* v. *Doll*, 32 N. Y. Supp. 135.) If the trial court had submitted the question to the jury as to the credibility of the testimony of the defendant Littauer, and the jury had found for the plaintiff, it would have been the duty of the court to have set the verdict aside. (*Denton* v. *Carroll*, 4 App. Div. 535.)

GRAY, J. The issue between the parties was whether there had been an entire contract for the sale of 20,609 feet of a certain description of dressed leather, known as "yellow kip," as alleged by the defendants in their answer to the complaint. The plaintiff had sued the defendants as upon a sale and delivery to them, at the agreed price of seven cents per foot, of the leather which he had on hand at a certain date, amounting to 15,164 feet. If the agreement for the sale of the leather was as claimed by the defendants, then the failure to perform it by the delivery of the full amount was a perfect defense to the action. If there had been one bargain between vendor and purchaser for the sale and delivery of 20,609 feet of leather, then no right of action accrued to the former for the price, until he had fully performed on his part.

Upon the trial, the plaintiff testified that, as agent for the Western Tannery Company, he had delivered to the defendants, at their factory in Gloversville, 15,164 feet of this description of leather, at seven cents a foot. This price for the leather he proved by stating what one of the defendants had, upon a previous trial of the action, testified to as the price agreed upon with Tolman, the manager of the Western Tannery Company. Having testified to the delivery of the leather, to the price per foot and to the assignment to him by

the tannery company of its claim against the defendants, the plaintiff rested his case. For the defendants, one of them testified that he had looked over a quantity of the leather which Tolman had at the plaintiff's storehouse, in Gloversville, and that when, subsequently, Tolman called upon him in New York and desired to sell the lot, he agreed to purchase it. He said that, at the time, Tolman showed him two papers, which were in this plaintiff's handwriting; one of which was a letter from plaintiff to Tolman, referring to a memorandum inclosed of the amount of leather on hand, and the other was the memorandum, showing the number of feet of leather, in detail. Tolman called off the number of feet and witness made a memorandum of them, aggregating 20,609 feet, and of the price, being seven cents per foot, which the former pronounced correct. A week later, when in Gloversville, the witness Littauer said that he found that a portion only of the leather had been delivered at his factory. He, thereupon, demanded of plaintiff the delivery of the balance of the skins which he had bought; but he was told that it was all that he would get. The defendants subsequently wrote to the plaintiff that as his delivery of the leather was short by upwards of 5,000 feet of the amount of their purchase, they had notified his principal of the fact and that Tolman, in reply, had stated that he had ordered the delivery of all the skins which had been sold; and they declined to pay a bill which plaintiff had rendered them until the matter was adjusted. The superintendent of the defendants testified to receiving a letter from them, after their transaction with Tolman, and to showing it to him at the plaintiff's storehouse in Gloversville, and that, after calling his attention to the number of feet of leather stated as sold, he replied, " yes, that is right, they are over there." A witness for the defendants, who had been bookkeeper for the plaintiff at the time, testified that there were about 20,000 feet of the leather in the plaintiff's storehouse, which Tolman told him he had sold to the defendants. The same witness, also, stated that before the plaintiff made any delivery of the leather, he had caused it to be sorted in piles

and a quantity of the better grade of skins, amounting to some 4,000 or 5,000 feet, was kept back. Upon the conclusion of the defendants' case, the plaintiff was recalled and denied the sorting of the leather in grades, or that any skins were kept back at the time; but he gave no further evidence respecting the transaction of sale. The defendants moved for the direction of a verdict in their favor, upon the ground that the plaintiff had not performed the contract, and the plaintiff asked to go to the jury, upon the ground that the proof as to the contract rested upon the evidence of interested parties. The trial court held that the contract was an entire one and directed a verdict for the defendants; which direction was excepted to by the plaintiff.

It is true that the evidence to establish the entirety of the contract was given by the defendants; but the rule which the plaintiff invokes is not applicable to such a case as this. Generally, the credibility of a witness, who is a party to the action and, therefore, interested in its result, is for the jury; but this rule, being founded in reason, is not an absolute and inflexible one. If the evidence is possible of contradiction in the circumstances; if its truthfulness, or accuracy, is open to a reasonable doubt upon the facts of the case, and the interest of the witness furnishes a proper ground for hesitating to accept his statements, it is a necessary and just rule that the jury should pass upon it. Where, however, the evidence of a party to the action is not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and it is not opposed to the probabilities; nor, in its nature, surprising, or suspicious, there is no reason for denying to it conclusiveness. Though a party to an action has been enabled, since the legislation of 1857, (Ch. 353, Laws of 1857), to testify as a witness, his evidence is not to be regarded as that of a disinterested person and whether it should be accepted without question, depends upon the situation as developed by the facts and circumstances and the attitude of his adversary. In *Lomer* v. *Meeker*, (25 N. Y. 361), where the defense to an action upon a promissory note was usury and the indorser gave the evidence to estab-

lish it, without contradiction, it was said that "it was the duty of the court, in such case, to dismiss the complaint, or non-suit the plaintiff, or direct a verdict for the defendants. It is a mistake to suppose that, because the evidence came from the defendant, after the plaintiff had rested, the case must go to the jury. * * * The argument is, that this could not properly be done, because there was a question of credibility raised in respect to the witness Bock, who proved the usury. But this objection is untenable. The witness was not impeached or contradicted. His testimony is positive and direct, and not incredible upon its face. It was the duty of the court and jury to give credit to his testimony." More recently, in *Kelly* v. *Burroughs*, (102 N. Y. 93), Judge DAN-FORTH, after observing that, as the facts were not disputed, there was no occasion to present them to the jury, said "the mere fact that the plaintiff, who testified to important particulars, was interested was unimportant in view of the fact that there was no conflict in the evidence, or any thing or circumstance from which an inference against the fact testified to by him could be drawn."

   In the present case, it is to be remembered that the plaintiff gave no evidence with respect to the agreement for the sale of the goods, and to prove their price relied upon the former testimony of one of the defendants with respect to it; thus accrediting him, in a measure. Tolman, who had made the sale to the defendants, might have given his version of the agreement, if at variance with what was claimed by the defendants; but he was not put upon the witness stand and, thus, the only evidence as to the contract was given by the defendants. There was nothing to contradict, or to discredit, his evidence. Those circumstances were sufficient to distinguish the case and to take it from without the operation of the general rule. If this position were not true, then the rule might be reduced to an obvious absurdity, in its consequences, and verdicts might be rendered only to be set aside as against evidence.

   We might go further, if it were necessary, and say that the

defendant's evidence was not without corroboration. That there was some contract for the sale of leather is, of course, a necessary inference from the plaintiff's action, and as to its being what that one of the defendants, who made the purchase, testified to, there was the testimony of his superintendent as to Tolman's acknowledgment to him of the correctness of the statement in defendants' letter respecting the sale and of the goods being on hand. We have, furthermore, the pregnant circumstance that, just prior to the transaction of sale, the plaintiff had stated in a letter to Tolman the amount of leather on hand at Gloversville, which must have been intended to be used as the basis for a sale by Tolman, and which furnished the data for defendants' memorandum.

I think the judgment below was right and no other questions require discussion. The judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., BARTLETT, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Judgment affirmed.