OPPENHEIMER v. MITTENTHAL.

(Supreme Court, Appellate Term. November 29, 1907.)

TRIAL—DIRECTION OF VERDICT—UNCONTRADICTED EVIDENCE.
    Where defendant's evidence was neither impeached nor contradicted, and it was neither improbable nor suspicious, and precluded a recovery by plaintiff, the court's refusal to direct a verdict in defendant's favor was error.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 383, 384.]

Sup. Ct.) MOSS REALTY CO. V. DI CRISCI. 49

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Manney Oppenheimer against Harry Mittenthal. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Leon Laski, for appellant.
I. Henry Harris, for respondent.

PER CURIAM. Plaintiff brought the action upon a check for $220, signed by defendant and delivered to plaintiff, upon which check payment had been stopped. The answer sets up a lack of consideration, and alleges as a separate defense that the check was given to pay a gambling debt. The trial was before the court with a jury. The plaintiff proved the making and delivery of the check, the stoppage of payment thereon, and rested. Defendant then took the stand, and swore he played a game of poker with plaintiff, and lost at said game the money for which the check was given. No other evidence was offered by either party, and at the close of defendant's case defendant's counsel moved for the direction of a verdict. This motion was denied, to which ruling defendant excepted. The jury found for the plaintiff. The defendant moved to set it aside upon all the grounds stated in section 999 of the Code, which motion was denied, and defendant duly excepted, and appeals from the judgment entered.

We think the motion made by the defendant for a direction in his favor should have been granted, and the refusal of the judge was error, which calls for reversal. Lomer v. Meeker, 25 N. Y. 361; Hull v. Litthauer, 162 N. Y. 569, 57 N. E. 102; Buckley v. Doig, 115 App. Div. 413, 419, 100 N. Y. Supp. 869. The evidence of the defendant was not impeached nor contradicted, either directly or by any circumstances disclosed by the record. His story was in no sense improbable or suspicious, and the absence of any attempt to controvert it in a single detail called for a direction in his favor.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.