## RAPONE v. ILLINOIS SURETY CO.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

TRIAL (§ 140*)—PROVINCE OF JURY—UNCONTROVERTED TESTIMONY.

    Where plaintiff alone testified in his behalf, and failed to introduce written evidence, or the testimony of one present in court, which he claimed would corroborate his testimony, as inferences might be drawn from the evidence to discredit him, the case should be submitted to the jury, although defendant offered no evidence.

    [Ed. Note.—For other cases, see Trial,. Cent. Dig. §§ 334, 335; Dec. Dig. § 140.*]

Appeal from City Court of New York, Trial Term.

Action by Giuseppe Rapone against the Illinois Surety Company. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed and remanded.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Nelson L. Keach, of New York City, for appellant.

Anthony J. Romagna, of New York City, for respondent.

GUY, J. This is an action to recover $400, with interest thereon, as damages upon a bond given by one Lorenzo Cianchetta, as principal, and the Illinois Surety Company, as surety, pursuant to chapter 185 of the Laws of 1907, as amended by chapter 479 of the Laws of 1908. Upon the trial of this action, plaintiff testified that on the 17th day of August, 1908, he gave to Lorenzo Cianchetta, the sum of $400 to be deposited in Cianchetta's bank; that he gave this money to Cianchetta at plaintiff's house at Twenty-Third and Buttonwood streets, Philadelphia, Pa., and Cianchetta promised to send him a bank book; that towards the end of March, 1909, the plaintiff, who during that time had been living in Philadelphia, having been informed that Cianchetta's bank had closed, went to New York, where he found out that the bank had really closed, and plaintiff had never received any part of the $400. The defendant offered no evidence, but asked to go to the jury on all the issues in the case. This motion was denied, and an exception taken. The court then directed a verdict in favor of the plaintiff.

Plaintiff testified that one Cantelmi, who was in court, had been present when he deposited the money with the defendant's principal, Rapone; but plaintiff failed to call Cantelmi as a witness. Plaintiff also testified that, subsequent to making the deposit with Rapone, he had received a letter from him acknowledging the deposit, which letter he said was now with the Italian consul; but plaintiff failed to produce said letter later during the trial, and did not account for his failure to do so. Where the uncorroborated testimony of an interested party is of such a character that inferences may be drawn, or circumstances exist, which may discredit his testimony, the issues of fact should be submitted to the jury. See Hull v. Littauer, 162 N. Y. 573, 57 N. E. 102; Kelly v. Burroughs, 102 N. Y. 93, 6 N. E. 109.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The learned trial court, therefore, erred in denying defendant's motion to submit all the issues to the jury, and in directing a verdict in favor of the plaintiff.

The judgment must therefore be reversed, and a new trial granted, with costs to appellant to abide the event.  All concur.