AMBROSE SCHALL, Respondent, *v.* SCHWARTZ & COMPANY, INC., Appellant.

Second Department, February 1, 1918.

Trial — when question of fact arises — equity — suit for reformation of lease upon ground of mistake — presumption from reading written lease in evidence — burden of proof — admission against interest — verdict against weight of evidence.

When one reasonable mind can infer from all the evidence that a controlling fact was proved, while another reasonable mind can infer that it was not proved, a question is presented for the jury.

A question of fact arises if conflicting inferences may be drawn from uncontradicted evidence.

Where, in a suit by the assignee of a lessee for the reformation of a written lease, upon the ground of mistake, the reading of the lease in evidence created a presumption against the defendant, and cast the burden upon him, the fact that there was no witness whose testimony was contradictory or contrary to the testimony of witnesses called by the defendant, did not put it in the category of one whose case is not opposed to direct evidence.

Since the original lessee had assigned the lease to the plaintiff and apparently was not interested in the event of the suit, the testimony adduced from her and her agents was not in effect an admission against interest.

The question whether the parties to the original lease both intended that the words "disposes of" should be "is dispossessed" or "be dispossessed" was submitted to the jury. *Held,* that a verdict founded on a finding against the theory of mistake was against the weight of the evidence.

APPEAL by the defendant, Schwartz & Company, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 13th day of June, 1917, upon the verdict of a jury.

*Abraham H. Sarasohn,* for the appellant.

*Almet R. Latson, Jr.,* for the respondent.

JENKS, P. J.:

The learned court submitted to the jury the question whether the parties to the original lease both intended that the words "disposes of" should be "is dispossessed" or "be dispossessed." The verdict for the plaintiff imports that the jury found against the theory of mistake. The appellant at trial protested against such submission, and now insists that it was error. The proposition of the learned counsel for the appellant is that "there was no conflict in the testimony upon said issue nor could different inferences be drawn therefrom," and, therefore, the rule expressed in *Hull* v. *Littauer* (162 N. Y. 572), and in many other judgments cited, applies.

It is argued that the defendant is sustained by the testimony of all who were present at the execution of the lease. These persons were Schwartz, the president of the defendant, who executed the lease on its behalf; Helfand, its treasurer; Geiger, the original lessee; her father, who was her agent, and the attorney for the defendant, who dictated the lease to his stenographer to be typed by her. It may be noted that the stenographer and typist was not called as a witness, nor was her absence accounted for. The rule does not apply when, upon all of the evidence, "One reasonable mind can infer * * * that a controlling fact was proved, while

another reasonable mind can infer that it was not proved." *(Gordon* v. *Ashley,* 191 N. Y. 193, citing *Matter of Totten,* 179 id. 112, 116. See, too, *Kelly* v. *Burroughs,* 102 N. Y. 95, where the court comments that there was no conflict in the evidence, " or any thing or circumstance from which an inference against the fact testified to by him could be drawn.") A question of fact arises if conflicting inferences may be drawn from uncontradicted evidence. *(Ga Nun* v. *Palmer,* 216 N. Y. 611.) And in *Hull* v. *Littauer (supra,* 572) the general rule is limited by the language " If the evidence is possible of contradiction in the circumstances; if its truthfulness, or accuracy, is open to a reasonable doubt upon the facts of the case, and the interest of the witness furnishes a proper ground for hesitating to accept his statements, it is a necessary and just rule that the jury should pass upon it." The fact that there was no witness whose · testimony was contradictory or contrary to the testimony of these witnesses called by the defendant, did not put the defendant in the category of one whose case is not opposed to direct evidence. The plaintiff had read in evidence the written lease. A " strong presumption " against the defendant arose from its terms. *(Howland* v. *Blake,* 97 U. S. 626; *Insurance Co.* v. *Nelson,* 103 id. 548.) And the terms thereof were sufficient to cast the burden upon him. (Id.) In *Christopher St. R. Co.* v. *23d St. Ry. Co.* (149 N. Y. 58) the court say: " In an action for the reformation of a written instrument upon the ground of mistake, the party seeking the reformation must prove that there was a mistake by evidence that is clear, positive and convincing. It is to be presumed that the written instrument was carefully and deliberately prepared and executed, and, therefore, is evidence of the highest character and will be regarded as expressing the intention of the parties to it until the contrary appears in the most satisfactory manner." Nor can it be said with the positiveness that is contemplated by the rule (See *Hull* v. *Littauer, supra,* 572) that the evidence is *not* " possible of contradiction in the circumstances; if its truthfulness, or accuracy, is open to a reasonable doubt upon the facts." It is to be noted that the original lessee had assigned the lease to this plaintiff and apparently was not interested in the event, so that the testimony adduced from

her and her agents was not in effect an admission against interest.

Not without hesitation due to the character of proof required (*Southard* v. *Curley*, 134 N. Y. 148; *Jamaica Savings Bank* v. *Taylor*, 72 App. Div. 567), I have reached the conclusion that the judgment and order should be reversed and that a new trial should be granted, for the reason that the verdict upon the issue of mistake was against the weight of the evidence. I have taken into consideration the attitude of the witnesses, and my conclusion that the word " disposes " does not seem pertinent in view of the provision in the lease that affords the lessee the right to assign the lease without the landlord's consent to any third person who is amply responsible, except to an Italian or negro; while the word " dispossess " is more apt, both in purpose and in association in the expression " If the party of the second part surrenders said premises, or disposes thereof [is dispossessed thereof] prior to the expiration of this lease."

The judgment is reversed and a new trial is granted, costs to abide the event.

THOMAS, RICH, PUTNAM and BLACKMAR, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.