JOHN H. WIEMERS, INC., Respondent, v. THE AMERICAN FIDELITY COMPANY, Appellant.

First Department, February 1, 1918.

Insurance — indemnity — injury to employee operating a machine upon which it is forbidden by section 93 of Labor Law that he shall work if under sixteen years of age — question of age for the jury.

Where a policy insuring plaintiff against loss from the liability imposed by law for damages for personal injuries suffered by any employee of the insured states that it does not cover loss or expense for injuries caused to or by any one employed by the insured contrary to law and in an action on the policy it appears that the employee who was injured

was employed by plaintiff in operating a machine upon which it is forbidden, by section 93 of the Labor Law, that an infant under sixteen years of age shall be employed, the question of the employee's age is for the jury.

APPEAL by the defendant, The American Fidelity Company, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 7th day of June, 1917, granting plaintiff's motion for a reargument of its motion to set aside the verdict herein and for a new trial, and granting its motion to set aside the verdict and for a new trial.

*Joseph M. Proskauer* of counsel [*Elkus, Gleason & Proskauer*, attorneys], for the appellant.

*Maurice B. Blumenthal* of counsel [*Maurice B. & Daniel W. Blumenthal*, attorneys], for the respondent.

SCOTT, J.:

The action is brought upon a policy of liability insurance which purported to insure plaintiff against loss from the liability imposed by law for damages for bodily injuries accidentally suffered by any one of the employees of the insured. The plaintiff had been sued by one of its employees so injured, and after a trial had been cast in damages, which it now seeks to recover.

The policy contains a clause limiting the liability of the insurer as follows: " This policy does not cover loss or expense for injuries or death   *   *   *   caused to or by any person employed by the insured contrary to law." It appeared that the employee who was injured was employed by plaintiff in operating a machine upon which it is forbidden by the Labor Law (Consol. Laws, chap. 31 [Laws of 1909, chap. 36], § 93, as amd. by Laws of 1910, chap. 107) that an infant under sixteen years of age shall be employed, and the defendant asserted and undertook to show that the injured employee was in fact, at the time he was injured in July, 1913, under the prescribed age. This became the crucial point in the case.

It appeared that this same question with others, had been litigated in the action between the injured employee and this plaintiff, and the trial justice was induced to direct a verdict, in the present case, against the plaintiff upon the

theory that the fact that the employee was under sixteen
years of age was *res adjudicata* as between the parties to this
action.   Upon reflection the learned justice was quick to
see that this ruling was erroneous, and promptly granted
plaintiff's motion to set aside the verdict and for a new trial.
It is from that order that this appeal is taken.

The defendant, appellant, now concedes that the verdict
was directed in its favor upon an erroneous theory, but insists
that there was another ground upon which the verdict should
have been directed, and consequently that it was properly
directed, notwithstanding the reason given for that direction
was admittedly erroneous.

The only direct evidence as to the employee's age was
that given by his father who swore as to the date of his son's
birth, notwithstanding that he was totally unable to testify
as to the date of birth of any other one of his six children.
He claimed that his recollection was refreshed by looking at a
paper which was not made out by himself and was properly
excluded as evidence.   The appellant relies upon a single
sentence excerpted from the opinion of the Court of Appeals
in *Hull* v. *Littauer* (162 N. Y. 569, 572) to the effect that
where " the evidence of a party to the action is not contra-
dicted by direct evidence, nor by any legitimate inferences
from the evidence, and it is not opposed to the probabilities;
nor, in its nature, surprising or suspicious, there is no reason
for denying to it conclusiveness."   It is argued that if this be
the rule applicable to the evidence of a party, it is equally
applicable to that of a person not a party, and not directly
interested in the result.   The opinion from which we have
quoted was written in a case in which it had been strenuously
contended that it was always, and under all circumstances,
erroneous to direct a verdict upon the uncorroborated testi-
mony of a party or of one interested in the event, and the
sentence quoted was designed to negative this too broad
claim.   The rule thus enunciated is, however, surrounded
by many limitations not only in the case in which it was stated,
but in many other cases decided by the Court of Appeals.
In the very case quoted from Judge GRAY says, respecting the
evidence of such a witness: " If the evidence is possible of
contradiction in the circumstances; if its truthfulness or

accuracy is open to a reasonable doubt upon the facts of the case, and the interest of the witness furnishes a proper ground for hesitating to accept his statements, it is a necessary and just rule that the jury should pass upon it." In *Gordon* v. *Ashley* (191 N. Y. 186, 193) the court said, speaking of the evidence of an uncontradicted witness: " If a fair argument can be made against the probability of his story, his credibility presents a question for the jury. Even if they do not think that he intended to speak falsely, still they may reject his testimony if they are satisfied that he was mistaken owing to interest, bias, a defective memory or any other reason springing from the evidence."

In the case before us there are many things in the testimony of the employee's father which call for the application of the exceptions to the rule relied upon by appellant, rather than of the rule itself. It is not necessary to point them out here. It is sufficient to say that, in our opinion, the question of the employee's age was one which should have been submitted to the jury.

The order appealed from is affirmed, with costs.

CLARKE, P. J., LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Order affirmed, with costs.