EDWARD DEREGIBUS, Appellant, *v.* FRANK SARACCO and Another, Respondents, Impleaded with GEORGE SAGLIO and Another, Defendants.

First Department, March 1, 1929.

*I. Maurice Wormser* of counsel [*Louis E. Felix*, attorney], for the appellant.

*James G. Purdy* of counsel [*Arthur K. Wing* with him on the brief; *Wing & Wing*, attorneys], for the respondents Frank Saracco and Dant Realty Corporation.

MARTIN, J. This appeal brings up for review a judgment dismissing the plaintiff's complaint. The testimony offered by the plaintiff and his witnesses in support of his claim was not contradicted.

The plaintiff testified that he and the defendant entered into an agreement for the purchase of real property situated on West One Hundred and Thirteenth street, borough of Manhattan, city of New York. The sum of $2,400 was fixed as the down payment. The plaintiff as his share gave the defendant his check for $1,200,

dated October 20, 1926. The check, placed in evidence on the trial, contained the following statement:

" This check is in full payment of the following. If incorrect please return. Endorsement is full acknowledgment. No receipt necessary.

" ' Oct. 20 /26. Deposit for Property on 113th Street S. Nicols Ave. $1200.' "

The defendant cashed the check and received and kept the proceeds thereof.

The plaintiff says that title to the property was to be taken in the name of both parties and they were to divide the profits equally. The plaintiff thereafter requested information with reference to the passing of title but was given what appeared to him to be a sufficient reason for the delay. During a conversation on or about the 7th day of January, 1927, the plaintiff again referred to the closing of title. The defendant informed him it would be closed on the 11th day of January, 1927, at which time the plaintiff must produce about $10,000 in cash. During this same conversation the plaintiff informed the defendant that he had been told by one Zerelli that defendant had taken title to the property on the 4th day of January, 1927. The defendant denied that fact but plaintiff later discovered that the defendant had taken title on the 4th day of January, 1927, in the name of the Dant Realty Corporation, the stock in which was owned or controlled by the defendant.

Nothing further appears to have been done till January 20, 1927, when the defendant left his check for $1,200 with a clerk in charge of the plaintiff's office. The plaintiff on the 27th day of January, 1927, had the check certified, he says, for the purpose of protecting himself to that extent. He neither cashed the check nor deposited it in his account and immediately tendered his share of the purchase price and demanded a transfer of his half interest in the property. The testimony of the plaintiff, which he offered to establish his claim, was corroborated by witnesses as well as by documentary evidence.

In *Hull* v. *Littauer* (162 N. Y. 569) the court said: " Where, however, the evidence of a party to the action is not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and it is not opposed to the probabilities; nor, in its nature, surprising, or suspicious, there is no reason for denying to it conclusiveness."

The trial court dismissed the complaint on the sole ground that there was an accord and satisfaction because the plaintiff had the check certified. No attempt was made however, to prove an accord and satisfaction.

There was no real dispute between the parties and no ground for claiming an accord and satisfaction. The plaintiff had a right to retain part of the amount due him and to protect himself to that extent. There was no agreement between the parties with reference to the payment and no attempt made to thereby settle a disputed claim. (*Fuller* v. *Kemp*, 138 N. Y. 231.) There is no proof that the check was given or intended as a payment in full. (*Schnell* v. *Perlmon*, 238 N. Y. 362.)

It nowhere appears how much the plaintiff would be required to pay to be entitled to a conveyance of a half interest in the property in question. The evidence was sufficient however, to entitle the plaintiff to a judgment for an accounting and his share of the profits and with additional proof the plaintiff would be entitled to the other relief demanded in the complaint.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.