· Louis Kovner, Plaintiff, *v.* Harold Kovner and Others, Defendants.

Supreme Court, New York County, June 25, 1929.

*Maurice Finkelstein*, for the plaintiff.

*Charles G. F. Wahle*, for the defendant Potter.

*David L. Weil*, guardian ad litem, for the defendant Teresa Kovner.

COTILLO, J. This is an action against the estate of Anna Kovner, deceased, to compel conveyance of real property owned by the said Anna Kovner at the time of her death.

The action is founded upon an express promise to convey made by Anna Kovner in her lifetime. The property was originally purchased by the plaintiff, but, because of the fact that he had just emerged from a proceeding in bankruptcy, the title to the property was taken in the name of Anna Kovner, his wife. The property was purchased on April 6, 1920. Mrs. Kovner died December 8, 1927, and at the time of her death title was still in her name. From the time of the purchase of the property up to the time of the death of Mrs. Kovner the rents received from the use of the property were payable to her, but the checks were indorsed over to the husband's account. A short time prior to her death she left a will leaving her real estate in the following manner: Dividing it into four equal parts for the benefit of each of her four children, the income and profits of each share to be paid to the child for whose benefit it shall have been set aside during his or her natural life; the remainder as to each share to go to the issue of such children *per stirpes* and not *per capita*, and in each case, should such child die leaving no issue him or her surviving, then and in that event the remainder to go to her surviving children and their issue *per stirpes* and not *per capita;* and she further provided: " No person for whose benefit any trust is hereby created shall have the power to anticipate or dispose of any income directed to be paid or applied to the use of such child until the same shall have fully accrued and become payable

to such heir, and the trustees of such respective trusts are empowered and requested to disregard and defeat every assignment or other act in contravention of this clause of the will."

Against this silent piece of evidence, the sole competent evidence on the part of the plaintiff consisted of testimony of his lawyer, who testified that at the time of the closing of the title he said to Mrs. Kovner: " For that reason I have advised Mr. Kovner to take it in your name and when he sells it, or when he wants it back in his name or he wants to incorporate it, you can then turn it over to him." She stated: " Any time my husband wants to sell the property, or turn it over to himself or any corporation, make out the deed and I will gladly sign it." And also the testimony of the daughter, who testified as follows: " I overheard my mother say to my brother Harold while she was very ill that she wanted to transfer the deed over to my father. I didn't know at that time what she was talking about." This conversation took place a long time prior to the death of Mrs. Kovner and prior to her making her last will and testament.

Although the court is well aware that under the case of *Hull* v. *Littauer* (162 N. Y. 569), " Where, *  *  *  evidence of a party to the action is not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and it is not opposed to the probabilities; nor, in its nature, surprising, or suspicious, there is no reason for denying to it conclusiveness," in this action the evidence adduced by the plaintiff is challenged by the silent evidence of the actions of Mrs. Kovner during her life.

This silent evidence is no more conclusive than if she were testifying while alive on the issue of her promise to make a conveyance, as in *Gallagher* v. *Gallagher* (135 App. Div. 457; affd., 202 N. Y. 572). It is true that the testimony in favor of the plaintiff was by an attorney who represented her in the transaction. But the privilege, if it existed, was waived by the defendant's counsel. A close consideration of the evidence leads me to the conclusion that the property was purchased by the plaintiff in his wife's name for convenience, and the latter was ready until almost the end to reconvey the property to her husband. The equities certainly are all with the plaintiff.

Judgment is, therefore, directed for the plaintiff. Submit findings of fact, conclusions of law and proposed judgment on two days' notice.