EDWARD DEREGIBUS, Appellant, v. FRANK SARACCO and Another, Respondents, Impleaded with GEORGE SAGLIO and Another, Defendants.

First Department, December 5, 1930.

*I. Maurice Wormser* of counsel [*Louis E. Felix*, attorney], for the appellant.

*James G. Purdy* of counsel [*Wing & Wing*, attorneys], for the respondents.

McAVOY, J. Plaintiff demands an accounting of the proceeds of an alleged trust for his benefit which defendants undertook to create and hold in certain properties, upon plaintiff's payment of one-half the purchase price therefor.

The plaintiff had made an agreement with defendant Saracco, whereby they were to purchase together a piece of property on West One Hundred and Thirteenth street, New York city, title to be taken in the names of both of them. The down payment was to be $2,400. Plaintiff advanced his share of the funds initially required, $1,200. Defendant cashed plaintiff's check for $1,200, and received and kept the proceeds. Plaintiff and defendant were to divide the profits equally. This agreement was made about October 20, 1926.

Defendant did not inform plaintiff as to the time of closing of title to the property. Unknown to the plaintiff, on January 4, 1927, the defendant took title to the property in the name of the Dant Realty Corporation.

About January 7, 1927, plaintiff again asked the defendant as to the time for closing of title, and defendant said that it would be closed on January ninth or eleventh, at which time the plaintiff must have ready $10,000 in cash. In the course of conversation, plaintiff told defendant that he had been informed by one Zerilli, an attorney, that defendant already had taken title to the property on January 4, 1927, but this the defendant denied.

On January 4, 1927, when defendant surreptitiously took title to the property in the name of his Dant Realty Corporation,

plaintiff was prepared to pay his share of the purchase price ($10,000), but defendant never asked him for his share at that time, or at any time thereafter.

Plaintiff never heard from Saracco until some time thereafter when Saracco left in plaintiff's office, in his absence, a check for $1,200 — the amount plaintiff originally advanced to the joint venture. The check bore no notation that it was in settlement, or in full payment, nor did any letter accompany it, nor did Saracco ever see the plaintiff and so state to him; nor, indeed, was there any talk or correspondence at any time between plaintiff and Saracco after Saracco had willfully repudiated his obligations to his coadventurer. Plaintiff had the check certified, but never used it or cashed it, and never accepted it in payment, or in settlement. The certification he asserted was had for the purpose of protecting himself to that extent.

Plaintiff's attorney told defendant and his attorney that plaintiff was ready to pay whatever his one-half share would be of the amount expended at the time of taking title and would deliver back the certified check as soon as defendant acted in accordance with the agreement of the parties.

Defendant asserted that the agreement with plaintiff concerning the One Hundred and Thirteenth street property depended on his receiving a one-third interest in the ownership of the Forty-fifth street houses of the Piedmont Realty Corporation, controlled by plaintiff and one Cordero, saying: " I was to get one-third interest in 45th Street, by putting $20,000 of my equity in two parcels in 45th Street, or to purchase one-third of the stock in cash, which was $20,000."

It developed on cross-examination that defendant did not have $20,000 in cash at the time the agreement was made, and that he did not own title to the houses in West Forty-fifth street. It also appeared that the premises were leased under a lease which had another year to run.

While still holding plaintiff's check, defendant sold two of the West One Hundred and Thirteenth street houses to Peter and Tessie Saglio, at a profit of $5,500. Defendant did not inform plaintiff of this sale.

This is the second time this case has been before this court. At the first trial, defendant offered no proof and did not take the stand, but rested upon plaintiff's case. The complaint was dismissed on the merits, it being held that the acceptance of defendant's check of $1,200 by plaintiff and the subsequent certification thereof by him constituted an accord and satisfaction as matter of law. We reversed on appeal and decided that the retention and certification

of the check did not amount to an accord and satisfaction, where there was no proof that the check was given or intended to be received as a payment in full, and also that there was no ground for finding an accord and satisfaction because there was no real dispute between the parties. We pointed out then that " the evidence was sufficient, however, to entitle the plaintiff to a judgment for an accounting and his share of the profits." (225 App. Div. 354, 356.)

The defendant did not establish any real, *bona fide* dispute between the parties at the time he returned the $1,200. Defendant never tendered his share of the alleged Piedmont transaction. He never made an offer of $20,000, because he never had the money, nor did he own the two houses on Forty-fifth street. What dispute, if any, there was did not appear, nor did defendant show why he failed to obtain the interest in the Piedmont Corporation. The defense of accord and satisfaction was not established by defendants. We think plaintiff should have prevailed at the trial.

The judgment should be reversed, with costs, and judgment directed to be entered in plaintiff's favor, with costs.

Dowling, P. J., Merrell, Finch and Sherman, JJ., concur.

Judgment reversed, with costs, and judgment directed to be entered in plaintiff's favor, with costs. Settle order on notice. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.