CHRISTOPHER W. PELL, Respondent, v. FRANK LOMBARDI, Appellant.— In this suit for an accounting of a joint venture between the parties in the purchase and sale of real estate, defendant claims that he has been improperly charged with the value of certain real estate found to be that of the joint venture and improperly denied credit for sums claimed to have been expended on behalf of the joint venture. Defendant's testimony that plaintiff released his interest in the real estate in question is uncontradicted by testimony, although plaintiff had opportunity to deny it or to explain the matter. Defendant's testimony should not have been disregarded. (*Hull* v. *Littauer*, 162 N. Y. 569, 572; *Gnichtel* v. *Stone*, 233 id. 465, 468, 469; *Zauderer* v. *Market St. Long Beach Realty Corp.*, 227 App. Div. 626.) Documentary evidence explained satisfactorily defendant's claimed admission to the contrary. Defendant was not entitled to the credit claimed for expenditures made. When he acquired sole title to the Boyko Building under the circumstances shown, whatever liabilities he had assumed in connection with mortgages

thereon ceased to be liabilities of the joint venture, at least in the absence of proof that at that time the property was not worth the amount of the mortgages. Order confirming referee's report and the judgment entered thereon modified by reducing the sum found to be due plaintiff to $1,464.23, with interest, and as so modified affirmed, without costs. Findings of the referee modified by striking out finding No. 4, by deleting the $6,000 item from No. 10 and from the summary statement, and by modifying Nos. 3 and 11 and conclusion of law No. 9 accordingly. Settle findings on notice. Lazansky, P. J., Hagarty, Davis and Johnston, JJ., concur; Close, J., dissents, with the following memorandum: In view of the unsatisfactory state of the record I am in favor of sending the matter back to take further proof. The modification is substantial. The appellant's testimony is confusing, and in the interest of justice further testimony should be taken.