GEORGE RINGHOFF, Respondent, v. LINCOLN SERVICE INC. et al., Appellants. — Action to recover damages for personal injuries suffered as a consequence of plaintiff's being struck at a street intersection in Manhattan by an automobile driven by defendant Dunham, an employee of defendant Lincoln Service Inc. On appeal by Dunham, judgment as against that defendant unanimously affirmed, with costs. On appeal by Lincoln Service Inc., judgment as against that defendant reversed on the law, with costs, and the complaint dismissed on the law, with costs. Appeal from order denying motion for a new trial dismissed, without costs. No such order is printed in the record on appeal. Whether or not Dunham was negligent and the plaintiff free from contributory negligence were clearly jury questions under the proof. It was the contention of defendant Lincoln Service Inc., that when the accident happened Dunham,

its employee, was not on duty but was on vacation and had been for several days prior to the occurrence. The only affirmative proof in the record from both Dunham and the president of the corporate defendant established that Dunham was not on duty or engaged on the business of the corporate defendant when the accident happened. The uncontradicted proof was that the field of Dunham's operations did not include the borough in which the accident happened, even when Dunham was on duty. The books of the corporate defendant were to the same effect. The paucity of proof on plaintiff's claim that Dunham was on duty, as plaintiff alleges, existed despite examinations before trial of both the corporate and the individual defendant, and the availability of the latter's records. The plaintiff was not aided by any presumption arising from the car being owned or registered in the name of the corporate defendant, as was the situation in *St. Andrassy* v. *Mooney* (262 N. Y. 368). The testimony adduced on behalf of the corporate defendant was not improbable, surprising or suspicious, and as it was uncontradicted by direct evidence or any legitimate inferences, it must be accepted as a matter of law. (*Hull* v. *Littauer*, 162 N. Y. 569; *St. Andrassy* v. *Mooney, supra.*) In the case last cited an explanation with no more probative force was accepted as a matter of law, even though there was a *prima facie* showing in favor of the plaintiff arising from proof of ownership of the car involved. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ. [See *post,* p. 871.]