In the Matter of B. BERNARD KAYE, Petitioner, against MARY DONLON, as Chairman of the Workmen's Compensation Board of the State of New York, Respondent.

First Department, May 12, 1953.

*Menahem Stim* of counsel (*Allen S. Stim* with him on the brief; *Menahem Stim*, attorney), for petitioner.

*Irving L. Rollins* of counsel (*Wendell P. Brown, Solicitor-General,* with him on the brief; *Nathaniel L. Goldstein, Attorney-General,* attorney), for respondent.

*Per Curiam.* In *Matter of Stein* v. *Corsi* (269 App. Div. 733, affd. 295 N. Y. 696) on facts at least as strong as those in this record, this court annulled the determination of the Industrial Commissioner and the Court of Appeals affirmed.

The testimony of the petitioner's employer's only office employee, at the time, who was a disinterested witness, is uncontradicted that the payments indicated by the books of Bendiner & Schlesinger X-ray Laboratories, Inc., to have been paid to petitioner as kickbacks in 1942, were, in fact, received by the physician by whom petitioner was employed, and that these funds were received in cash, never passed through petitioner's hands and were not brought to his attention. This witness is not and never was in petitioner's employ. Under the circumstances of the case, there is no reason for denying to her testimony conclusiveness under the holdings in *Second Nat. Bank* v. *Weston* (172 N. Y. 250) and *Hull* v. *Littauer* (162 N. Y. 569, 572).

This testimony tends to be supported by the fact that no disciplinary action was taken against petitioner during eight years after he testified before the Medical Practice Committee of the Workmen's Compensation Board, following the disclosures before the Moreland Act Commissioner, at which time he denied that he received any kickbacks or knew anything about the matter. The present proceeding was instituted at petitioner's request, in an endeavor to clear his name by reason of his application for a fellowship in the American College of Surgeons. There is no foundation for a finding that he suffered no damage from the censure which he seeks to review.

The determination by respondent should be annulled and the petition granted. Settle order.

GLENNON, DORE and VAN VOORHIS, JJ., concur; PECK, P. J., and BERGAN, J., dissent and vote to confirm.

Determination annulled and the petition granted, with $50 costs and disbursements to the petitioner. Settle order on notice.