THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLIFTON STANSBURY, Appellant, et al., Defendant. No opinion. Beldock, P. J., Rabin and Nolan, JJ., concur: Benjamin, J., dissents and votes to reverse the judgment and to dismiss the indictment in the following memorandum, in which Christ, J., concurs: A police officer, upon being informed that guns were present in a specified automobile near the Criminal Courts Building in Kew Gardens, Queens, approached the vehicle and observed a rifle in the back seat. The defendant admitted ownership of the rifle and invited the officer to search the car. The search revealed a .32 caliber pistol under the right front seat. When shown the pistol, defendant denied knowledge of how it came to be in his car. Defendant was indicted along with Robert Smith, a passenger who was being given a ride to a subway station, and charged with two counts of possession of a dangerous weapon as a felony. Smith jumped bail and was not tried on the charges. At the

close of the People's case the second (rifle) count of the indictment was dismissed. The People had rested their case solely upon the presence of the revolver in the automobile. In so doing they relied upon subdivision 3 of section 1899 of the Penal Law which provides that the presence of a firearm in an automobile "is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon * * * is found". The defendant denied ever having seen the revolver prior to the search of the car. He testified that Smith had later admitted ownership of the gun to him. Smith had explained that his prior felony record had prevented him from admitting ownership of the gun to the police. Other testimony was introduced on defendant's behalf to the effect that Smith was the owner of the revolver in question. The People came forward with no rebuttal evidence. Trial Term found the defendant guilty, stating that the testimony offered on his behalf was inherently incredible. I believe that the defendant's proof overcame the presumption created by subdivision 3 of section 1899 of the Penal Law. The effect of the presumption is to charge all occupants of an automobile with the illegal possession of any revolver found in the automobile. The burden of proving actual knowledge beyond a reasonable doubt never shifts from the People. The occupant is merely put to the task of explaining the presence of the weapon. The explanation by an innocent occupant overcomes the presumption and thus relieves the danger that an innocent person may become a victim of circumstances (*People v. Russo*, 278 App. Div. 98, 103, 105, affd. 303 N. Y. 673). The testimony offered on behalf of the defendant to rebut the presumption was not contradicted by any direct evidence, was not opposed to the probabilities, and was not surprising or suspicious. There is, therefore, no reason to deny its conclusiveness (*Hull v. Littauer*, 162 N. Y. 569; *Woodson v. New York City Housing Auth.*, 10 N Y 2d 30, 32–33). The conviction of the defendant works a grave injustice. The circumstances of the arrest and the search indicate that Smith was in fact the owner and possessor of the revolver. To then permit the trier of the facts to dismiss the evidence offered to rebut the presumption as inherently incredible leads to the replacement of the presumption of innocence by a presumption of guilt. The defendant overcame the presumption, rendering it incumbent on the People to satisfy their burden of proof. This they completely failed to do. Instead, we have the shocking specter of a felony conviction predicated upon a presumption which was overcome by the defendant's proof. Such an application of the statute is clearly unconstitutional, since it denies to the defendant the presumption of innocence and the right to an acquittal where reasonable doubt exists.