### FIRE ASS'N OF PHILADELPHIA v. MECHLOWITZ et al.

(Circuit Court of Appeals, Second Circuit. April 14, 1920.)

No. 175.

1. **Trial ⟷177—Motion for directed verdict not irrevocable consent to submission of facts to court.**

   That both parties move for a directed verdict does not amount to a submission of questions of fact to the court, which precludes a party, on denial of his motion, from insisting by appropriate motion on submission of the case to the jury.

2. **Trial ⟷139 (1)—Rule governing direction of verdict stated.**

   A plaintiff is entitled to a directed verdict only when, giving defendant the benefit of every inference that can be fairly drawn from the evidence, it is insufficient to authorize a verdict in his favor.

3. **Insurance ⟷668 (13)—Direction of verdict error, where credibility of witness is involved.**

   In an action on an insurance policy, where the amount of the loss was in issue and depended on the interested testimony of a plaintiff, both as to the quantum of goods destroyed and their value, the credibility of such witness was eminently for the jury, and, although uncontradicted by direct testimony, it was error to direct a verdict for plaintiff for the full amount shown by his testimony.

In Error to the District Court of the United States for the Southern District of New York.

Action by Philip Mechlowitz and others against the Fire Association of Philadelphia. Judgment for plaintiffs, and defendant brings error. Reversed.

Plaintiffs below (Mechlowitz) insured goods (woolens, silks, and the like) suitable for making garments, belonging to them and situate in the shop or workroom of a contractor who manufactured clothing for their account. There were several policies covering this fire risk, but as this suit is a test one we may speak (as have counsel) as if one policy represented the entire insurance. The whole amount of insurance was $20,000. The complaint in ordinary form asserted that the fire loss was upwards of $21,000, and therefore demanded judgment for the insured amount, with interest. The answer denied that

---

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the loss or damage was as above stated, and as a separate defense asserted fraud on the part of Mechlowitz, vitiating the entire policy.

Of the testimony it is enough to say that, viewed most favorably for the plaintiffs, it tended to show that they had delivered at the contractor's workroom, where the fire occurred, goods substantially of the value asserted in the complaint. There was no direct evidence that all of the goods so delivered were on the premises at the time of the fire, and the plaintiffs' case as put depended almost wholly upon the credibility of the principal plaintiff. Defendant introduced evidence tending directly to contradict plaintiffs as to the sound value of some of the salvaged goods; but there was very little salvage. Some testimony was also given for defendant of admissions prior to the fire concerning the value of the goods subsequently consumed inconsistent with the evidence given by the plaintiff aforesaid.

When the evidence closed, the plaintiffs moved for a direction for the full amount of the policy, on the ground that "no proof has been introduced which would justify the defense that a fraudulent claim was presented, and no proof has been presented by the defendant which would justify any diminution of the amount of the claim of the plaintiffs." Defendant moved "to dismiss the complaint on the ground that the plaintiffs have not established a cause of action," and on some further grounds presently immaterial.

The trial judge held in substance that there was no evidence of fraud, and directed a verdict for the face of the policy, with interest, whereupon defendant by its counsel excepted to the direction and moved "that this case be submitted to the jury." This motion the court overruled, and granted an exception. To the judgment on the verdict as directed defendant took this writ.

Fox & Weller, of New York City, for plaintiff in error.

John Bogart, of New York City (George Gordon Battle, and I. Maurice Wormser, both of New York City, of counsel), for defendants in error.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). It is urged that the proceedings at the close of evidence in the court below amounted to a request by both parties for a directed verdict, and therefore the final action of the trial court was a conclusive finding of fact, if there was any evidence tending to support it.

[1] It is also said that, since the plaintiff in error did not ask to go to the jury on some particular question of fact, the exception taken is worthless. There has been considerable difference of opinion over this question of practice, both in the courts of the United States and those of the state of New York. It may be true that the rule as stated in Beuttell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654, and in Bowers v. Ocean, etc., Corp., 110 App. Div. 691, 97 N. Y. Supp. 485, affirmed 187 N. Y. 561, 80 N. E. 1105, is consistent with the argument of defendants in error; but, for this court, Empire State, etc., Co. v. Atchison, etc., Co., 210 U. S. 1, 28 Sup. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70, is ruling authority, and under that decision the motion of the attorney for plaintiff in error was sufficient to preserve whatever rights his client had. With even greater distinctness the matter has been settled the same way in New York by Brown Paint Co. v. Reinhardt, 210 N. Y. 162, 104 N. E. 124. This court arrived at the same conclusion in Sigua Iron Co. v. Greene, 88 Fed. at page 210, 31 C. C. A.

477. See, also, Sampliner v. Motion, etc., Co., 259 Fed. at page 154, 170 C. C. A. 220.

We have treated this matter of practice as if it were true that both parties did move for directed verdicts; the plaintiff did so, but the defendant merely moved to dismiss the complaint; i. e., for a nonsuit. The difference is obvious and material. But we have ruled upon the question argued.

[2] The substantial point before us is whether the trial judge was justified in directing a verdict for the plaintiff. The rule of directed verdicts is, in the courts of the United States, usually put as requiring a direction when a verdict, if rendered the other way, would necessarily be set aside. Patton v. Railway, 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361; Randall v. Baltimore, etc., Co., 109 U. S. at page 482, 3 Sup. Ct. 322, 27 L. Ed. 1003. The rule has usually been stated when the defendant had the direction, but the rule is not different when plaintiff prevails; for it is said that plaintiff should have the directed verdict when "giving the defendant the benefit of every inference that could have been fairly drawn from the evidence, written and oral, it was insufficient to authorize a verdict in his favor." Marshall v. Hubbard, 117 U. S. at page 419, 6 Sup. Ct. 806, 29 L. Ed. 919. The reason of any rule on this subject is stated in North Penn., etc., Co. v. Commercial Bank, 123 U. S. at page 733, 8 Sup. Ct. 269, 31 L. Ed. 287:

"It would be an idle proceeding to submit the evidence to the jury, when they could justly find only in one way."

See Baldwin v. Jardine, etc., Co., 261 Fed. at page 865, and cases cited.

[3] Applying these considerations to the case at bar, it must be remembered what were the issues created by the pleadings, and to which the material and relevant evidence was necessarily directed. They were, first, whether the plaintiffs below had been guilty of fraud in effecting or attempting to collect the insurance; and, second, what was the money value of plaintiff's loss?

One point was as much in issue as the other, and both were questions of fact normally for the jury. That the question of fraud was much more important than that of value is of no consequence. The jury was as much entitled to pass on a minor as on a major point; and it did not follow at all, that if no proof of fraud was adduced, the plaintiffs below were entitled to collect the face of the insurance policy. The policy was not a valued one, and the insured were required by the terms of their contract affirmatively to prove, not only that they had a loss, but what loss they had, and it was for the jury to reduce that loss to dollars and cents.

To support the verdict reliance is placed upon the statement of law made in Second National Bank v. Weston, 172 N. Y. at 258, 64 N. E. 952:

"Where * * * the evidence of a party to the action is not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and it is not opposed to the probabilities, nor in its nature surprising or suspicious, there is no reason for denying to it conclusiveness."

The statement is true, but, like many other truths, must be applied according to the circumstances.

In this case we refrain from expressing opinion as to whether there was any evidence sustaining the defense of fraud; but we are compelled to hold that, where the assessment of damages depends upon the interested testimony of a plaintiff, both as to quantum of goods destroyed and the value of such goods, the credibility of the witnesses, without whose evidence the plaintiffs made out no case at all, is eminently for the jury.

In Craft v. Northern, etc., Co. (C. C.) 62 Fed. at page 739, affirmed 69 Fed. 124, 16 C. C. A. 175, it is said to be the province of the jury to pass upon the credibility of all witnesses whether they are contradicted or not; and while a witness is presumed to speak the truth, the manner in which he testifies and the character of his testimony are sufficient to overcome that presumption. (This language, although quoted in part from the Code of Oregon, is but declaratory of historic law.) We held in Signa Iron Co. v. Greene, supra, that the testimony of a party on a material issue, though uncontradicted, should be submitted to the jury, if his adversary so requests.

The matter is well summed up in Toledo, etc., Co. v. Connolly, 149 Fed. 398, 79 C. C. A. 218. There the trial judge had been requested to charge almost in the language of Second National Bank v. Weston, supra. The court did so, but—

"applying it to the case in hand, reminded the jury that a witness might be contradicted, not simply by a witness swearing to the opposite, but by the improbability of his story, and by anything, either in the testimony as given or in the circumstances of the case presented, which in the judgment of the jury tended to discredit his statements."

The court added:

"Common sense is to be applied here as everywhere; and no technical rule of law harnesses your judgment or controls your common-sense view, of what is the truth, when it comes from the witness stand."

We think this well put, and in this case there was direct contradiction of the principal witness for plaintiffs below as to the value of the salved goods; and there were some conspicuous absences from the witness stand of men shown to be in court, and whose probable knowledge of the quantity of goods actually on the fire-damaged premises should have been superior to that of any one who testified for the insured. Under such circumstances, the credibility of plaintiff's testimony was for the jury, and it was error to order a verdict.

We have discussed the rule of directed verdicts, as being a legal question on which opinion has varied. But, as this cause must be tried again, we point out that plaintiffs below, in order to prove that they had lost by fire certain goods on the premises of another, largely, if not wholly, relied upon introducing in evidence against the insurer the receipts of their contractor. Such receipts were strong evidence as between Mechlowitz and his contractor, but are not evidence (so far as this record shows) as against the insurer. They should not have been admitted.

Judgment reversed, with costs, and new trial awarded.