STEPHEN DER OHANNESSIAN, Respondent, *v.* GEORGE A. ELLIOTT, Appellant.

**Negligence — collision between automobile driven by defendant's chauffeur and taxicab of plaintiff whereby the latter was injured — defendant not liable when evidence sufficient to show that defendant's chauffeur was driving car for his own purposes and in violation of order of defendant.**

Defendant's automobile in charge of his chauffeur collided with plaintiff's taxicab thereby inflicting injuries upon plaintiff for which this action is brought. The uncontradicted testimony of the defendant and the chauffeur, no longer in defendant's employ, shows that when the chauffeur's work was over, the evening of the accident, the chauffeur was told by defendant to take the car to the garage, that defendant would not need it until the next morning; instead the chauffeur took the car to get his supper and thereafter started away from the garage and thereafter collided with plaintiff's taxicab. The only evidence in behalf of the plaintiff showing the employment by the defendant of the chauffeur at the time of the accident is the presumption arising out of the ownership of the car. No liability arises under such a state of fact, and there was nothing to submit to the jury. The story as told by defendant and by his chauffeur is not improbable on its face, it is not unreasonable, is not contradicted by facts, and has nothing about it to create suspicion and at the time of the trial the chauffeur was not in the employment of the defendant and was testifying against his own interest. It was error, therefore, to submit the case to the jury; the complaint should have been dismissed. (*Ferris* v. *Sterling*, 214 N. Y. 249, distinguished.)

*Der Ohannessian* v. *Elliott*, 196 App. Div. 883, reversed.

(Argued April 20, 1922; decided May 2, 1922.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 4, 1921, reversing a judgment in favor of defendant entered upon a verdict directed by the court and granting a new trial.

*Herbert C. Smyth, James B. Mackie, Frederick W. Bisgood* and *Joseph M. Williams* for appellant. The

evidence presents no question of fact which should have been submitted to the jury. (*Wyllie* v. *Palmer*, 137 N. Y. 248; *Higgins* v. *W. U. Tel. Co.*, 156 N. Y. 75; *O'Brien* v. *Stern Bros.*, 223 N. Y. 290; *Cunningham* v. *Castle*, 127 App. Div. 580; *Reilly* v. *Connable*, 214 N. Y. 586; *Ferris* v. *Sterling*, 214 N. Y. 249; *Fallon* v. *Swackhamer*, 226 N. Y. 444; *Potts* v. *Pardee*, 220 N. Y. 431; *Rose* v. *Balfe*, 223 N. Y. 481; *Lomer* v. *Meeker*, 25 N. Y. 361; *Hull* v. *Littauer*, 162 N. Y. 569; *Johnson* v. *Railroad*, 173 N. Y. 79.)

*Edward C. Weinrib* for respondent. Although on the testimony of the defendant and the chauffeur himself, the chauffeur was acting within the scope of his employment, yet the credibility of both witnesses was for the jury and the jury would not have been required to accept the statements of either of them. (*Ferris* v. *Sterling*, 214 N. Y. 249; *Cunningham* v. *Castle*, 127 App. Div. 580; *Reilly* v. *Connable*, 214 N. Y. 586; *Rolfe* v. *Hewitt*, 227 N. Y. 486.)

CRANE, J. On the second day of September, 1915, the defendant's car collided with a taxicab at the intersection of Eighth avenue and Forty-fourth street in the borough of Manhattan, city of New York, inflicting injuries upon the plaintiff. The defendant's automobile was in charge of his chauffeur. This action has been brought to recover damages for negligence and the evidence would justify the jury in believing that the chauffeur of the defendant's car was to blame for the accident.

The serious point to the case is the employment of the chauffeur at the time the accident occurred. He was in the defendant's car, but was he at the time in the defendant's employ? Was he working for the defendant or driving on an errand and purpose of his own? The Trial Term dismissed the complaint at the end of the entire case. The Appellate Division reversed the judg-

ment for the defendant and granted a new trial on the ground that there was evidence of employment which should have been submitted to the jury.

The only evidence in behalf of the plaintiff showing the employment by the defendant of the chauffeur at the time of the accident is the presumption arising out of the ownership of the car. The defendant and his chauffeur both told the same story, which in substance is as follows:

George Elliott, the defendant, at the time in question was a lawyer of the state of Delaware, and had traveled in his Pierce-Arrow car from Wilmington, Delaware, to the White Mountains. On his way up, he stopped in New York at the Waldorf Astoria, and at the recommendation of that hotel had kept his car in the Greeley Square Garage on West Thirty-seventh street, between Seventh avenue and Broadway. On the day of the accident the defendant had returned to New York city and again put up at the Waldorf Astoria, engaging space for his car in the same garage.

In the afternoon of the second day of September he and his wife and chauffeur went to Cedarhurst, Long Island, returning to the hotel about seven-thirty in the evening. He then told his chauffeur, a man named Leo Dimond, to take the car to the garage as he would not need it again until the next morning. Dimond stopped at the garage, but did not leave the car there. He went with the car to get his supper at a restaurant on Eighth avenue, near Thirty-fifth street. After this, and about ten o'clock that night, he started uptown through Eighth avenue, and collided with the plaintiff's taxicab at the corner of Forty-fourth street.

It is a fact which cannot be contradicted because it is part of the plaintiff's case that at the time of the accident Dimond was going up Eighth avenue and was at Forty-fourth street. He was, therefore, going away from the defendant's garage. If this story be true, as told by

the defendant and by Dimond, the defendant is not liable for the acts of the chauffeur. When his work was over at seven-thirty in the evening, Dimond was told to take the car to the garage and that his master would not need it until the next morning. Instead of doing as he was told, he took the car to get his supper, and thereafter apparently started out for a ride uptown, and away from the garage on a purpose of his own. (*Fallon* v. *Swackhamer,* 226 N. Y. 444.) No liability arises under such a state of facts. (*O'Brien* v. *Stern Bros.,* 223 N. Y. 290; *Reilly* v. *Connable,* 214 N. Y. 586.)

What was there to submit to the jury? The story as told by the defendant Elliott and by his chauffeur Dimond is not improbable on its face, it is not unreasonable, is not contradicted by facts, circumstances or presumptions arising from the facts, and has nothing about it or in it to create suspicion. At the time of the trial the chauffeur was not in the employ of the defendant and was testifying against his own interest. In this respect this case differs from *Ferris* v. *Sterling* (214 N. Y. 249) where it was stated in the opinion that the narrative of the defendant and his witness was not without its suspicious and improbable features.

We are, therefore, of the opinion that there was no question of fact to be left to the jury, and that the judgment of the Appellate Division must be reversed and that of the Trial Term sustained, with costs in all the courts.

Hiscock, Ch. J., Hogan, Cardozo, Pound, McLaughlin and Andrews, JJ., concur.

Judgment accordingly.