JAMES MOORE, Respondent, *v.* MAYER L. ROSENMOND, Appellant.

**Motor vehicles — negligence — action to recover damages for injuries sustained by plaintiff struck by defendant's automobile negligently operated by his chauffeur — presumption of defendant's control of car arising from ownership — evidence — erroneous admission of testimony respecting admissions made by defendant's chauffeur after the accident — when such evidence not competent to show that car was in control of defendant at time of accident.**

1. While an error in the admission of incompetent evidence is to be disregarded if a substantial right of defendant is not affected thereby (Civ. Pr. Act, § 106), yet in a doubtful case, where proofs are pitted

against a presumption; where the doctrine of *respondeat superior* is invoked to impose liability on defendant without direct fault on his part, it is but fair that the rules of evidence should be properly applied. Defendant has a right to insist that they shall be so applied to exclude improper evidence tending directly to establish the substance of plaintiff's case.

2. When the controversy is whether at the time of the accident the car was in use for defendant's benefit or on his account or whether defendant's chauffeur had taken it on a joyride for his own pleasure or purpose without authority, and where the evidence of defendant's witnesses is conflicting and contradictory, and is given by impeached or interested witnesses, it is not sufficient in law, although it might have been in fact, to destroy the presumption of control arising from defendant's ownership of the automobile, and the question is for the jury.

3. In an action to recover damages for injuries to plaintiff who was struck by an automobile negligently driven by defendant's chauffeur, the plaintiff rested his case mainly on the presumption of control arising from defendant's ownership of the automobile, but not content to rest upon the presumption of control arising from ownership, produced a witness who testified that, after the accident, the chauffeur refused to take the plaintiff to the hospital because, as he said, " I just come from Forty-ninth street (defendant's office) to have the car fixed, have the glass put in it   *   *   *   I ain't going to have this car dirty and taken back to Eightieth street " (defendant's residence).   The admission of this testimony was material error.   While the evidence might have been admissible to contradict or impeach defendant's chauffeur as a witness for the defendant, in case he testified to anything inconsistent with the statement, the chauffeur could not bind or affect the defendant by his admissions or declarations made after the accident to third parties.   His narrative of past events, no part of the accident itself, was pure hearsay.

*Moore* v. *Rosenmond*, 207 App. Div. 839, reversed.

(Argued May 20, 1924; decided June 3, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 26, 1923, affirming a judgment in favor of plaintiff entered upon a verdict.

*Barnett Cohen, William J. Ahearn* and *Frank J. O'Neill* for appellant.   There is no competent evidence that the defendant's automobile at the time of the accident was being operated for him or in his business.   (*Benevento* v.

*Poertner Motor Car Co.,* 235 N. Y. 125; *Potts* v. *Pardee,* 220 N. Y. 437; *Rose* v. *Balfe,* 223 N. Y. 481; *Kay* v. *Metropolitan Street Railway Co.,* 163 N. Y. 448; *Fox* v. *Village of Manchester,* 183 N. Y. 142; *Reed* v. *McCord,* 160 N. Y. 330; *People* v. *Smith,* 172 N. Y. 236; *Stephen* v. *Vroman,* 16 N. Y. 381; *Tousey* v. *Hastings,* 194 N. Y. 79.)

*Julian J. Raphael* and *Samuel R. Robinson* for respondent. There was ample testimony from which the jury could find that the defendant's automobile at the time of the accident was being operated for him and in his business. (*Deering* v. *Metcalf,* 74 N. Y. 501; *Pease* v. *Smith,* 61 N. Y. 477; *People* v. *Evans,* 40 N. Y. 1; *Culliman* v. *Furthmann,* 70 App. Div. 110; *Ferris* v. *Sterling,* 214 N. Y. 249.)

POUND, J. Plaintiff was struck by defendant's automobile at the intersection of Amsterdam avenue and Sixty-second street, borough of Manhattan. It was being driven negligently. The controversy is whether at the time of the accident the car was in use for defendant's benefit and on his account, or whether the defendant's chauffeur had taken it on an expedition or frolic or, in the vulgar, a joyride, for his own pleasure or purpose. The plaintiff rested his principal case mainly on the presumption of control arising from defendant's ownership of the automobile. (*Ferris* v. *Sterling,* 214 N. Y. 249, 253.) The appellant contends that this presumption was destroyed as matter of law by sufficient evidence.

The evidence for defendant in brief compass is as follows: Rosenmond, the defendant, lived at the corner of Eightieth street and West End avenue. He had a Cunningham car which he kept in a near-by garage. He had a chauffeur named Dollar. On June 23, 1921, Dollar took him to his office in Forty-ninth street in the morning. Defendant then told Dollar to go to Yonkers and Mount Vernon for Mrs. Rosenmond's mother and bring her back to defendant's house, and at some time,

not definitely fixed, take the car to Forty-ninth street again, attend to some repairing of the windows, and be at the house at two o'clock in the afternoon to take out defendant's wife. Dollar went to Mount Vernon but did not get the mother-in-law. On the return trip he picked up a friend, Corbin, at a garage at Eighty-fifth street about noon, had some drinks, drove up Amsterdam avenue to Ninety-first street, came down Amsterdam avenue to Fiftieth street, had more drinks, picked up another friend and went to Forty-ninth street and Tenth avenue, where they had more drinks, but no work was done on the car. They then started for defendant's garage, went back to Fifty-third street, where they had some parting drinks with the second friend. Up to this point Dollar had driven the car, but he and Corbin both testify that at this point Corbin took the wheel and that Dollar sat in the back seat. The evidence that Dollar was on the back seat is, however, contradicted by plaintiff's witnesses. As they were going up town towards defendant's garage, the accident occurred at about two-thirty o'clock. Dollar was not then too intoxicated to have an argument about taking the plaintiff to the hospital in the car.

This evidence was not sufficient in law to destroy the presumption of control, although it might have been in fact. The jury might have found that Dollar had started down to Forty-ninth street on defendant's business, got drunk, got to Forty-ninth street, but neglected the business, and started back to defendant's garage without having the windows fixed. Although Dollar was serving defendant badly, defendant was liable. (*Bloodgood* v. *Whitney*, 235 N. Y. 110, 114.) They might, on the other hand, if they drew from the testimony the inferences most favorable to defendant, have found that Dollar had abandoned his employer's business when he picked up Corbin at the Eighty-fifth street garage and that the time was then devoted to a personal spree, until a belated

sense of duty inspired them to start back to the garage. It was, however, for the jury to draw the inferences. Obviously the purpose of defendant was to have them draw the inference that at Fifty-third street, on the return trip, Dollar had become helplessly drunk and had exercised no more control over the car; that Corbin had then started to take the car and Dollar back to the garage and that Corbin alone was responsible for the accident. (*Benevento* v. *Poeriner Motor Car Co.*, 235 N. Y. 125.) With the conflict of evidence on this point, the jury no doubt believed the witnesses for plaintiff to the effect that Dollar sat on the front seat at the time of the accident and found for the plaintiff on the merits.

The court charged the jury without objection that the car was under the control of defendant's chauffeur at the time of the accident and the jury was justified in so finding.

Plaintiff. however, not content with the presumption, of control arising out of ownership, called Peter Smith, an eye-witness of the accident, on his principal case, who testified as follows:

" Q. Did you have any conversation at that time? Was there any talk between you and Dollar, this man who says he is the chauffeur, about helping Moore? A. Well, after he knocked the man down we wanted to put him in the car, and he gave a big argument. He said —

" Mr. Ahearn: I object to any conversation.

" Mr. MacKewan: This is right at the time and this is an admission.

" Mr. Ahearn: Not binding on this defendant.

" The Court: I will take it. It is the chauffeur?

" Mr. MacKewan: Yes, sir.

" Mr. Ahearn: Exception.

" Q. The short, stout man, named Dollar? A. The short man, yes.

" Q. Just tell the jury what he said? A. I am going to tell it so —

" Q. I hope so. Go ahead. A. He gave a big argument, did not want to put the man in the car to take him to the hospital; and I said: ' Where are you going? Are you going to a fire or something like that? ' He said: ' *No, sir, I just come from Forty-ninth Street to have the car fixed, have the glass put in it,*' and he said: ' I ain't going to have this car dirty and taken back to Eightieth Street."

This was material error. While the evidence might have been admissible to contradict or impeach Dollar as a witness for the defendant, in case he testified to anything inconsistent with the statement, Dollar could not bind or affect the defendant by his admissions or declarations made after the accident to third parties. His narrative of past events, no part of the accident itself, was pure hearsay. (*Kay* v. *Metropolitan St. Ry. Co.*, 163 N. Y. 447; *Hanrahan* v. *N. Y. Edison Co.*, 238 N. Y. 194.) It was used not to destroy his evidence but to make out plaintiff's case. Its effect was as if plaintiff himself had admitted that the car was under his control at the time of the accident. While it is not certain that the omission of this evidence would have affected the result; while the error is to be disregarded if a substantial right of defendant is not affected thereby (Civ. Prac. Act, § 106), yet in a doubtful case, where proofs are pitted against a presumption; where the doctrine of *respondeat superior* is invoked to impose liability on defendant without direct fault on his part, it is but fair that the rules of evidence should be properly applied. Defendant has a right to insist that they shall be so applied to exclude improper evidence tending directly to establish the substance of plaintiff's case.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.