DOROTHY JACOBSON, an Infant, by Her Guardian ad Litem, ELIAS JACOBSON, Respondent, v. GENERAL BAKING COMPANY, INC., Appellant.

ELIAS JACOBSON, Respondent, v. GENERAL BAKING COMPANY, INC., Appellant.

Appeal in each action from a judgment of the Supreme Court, entered in the New York county clerk's office on February 5, 1926, upon the verdict of a jury for $10,000 in the first action, and $1,000 in the second action, after a trial at Trial Term, and also in each action from an order entered on February 23, 1926, denying defendant's motion for a new trial.

In each case: Judgment and order affirmed, with costs. No opinion. Present — Finch, Merrell, McAvoy, Martin and Proskauer, JJ.; Proskauer, J., dissents.

PROSKAUER, J. (dissenting). Plaintiff's *prima facie* case was predicated wholly upon the negligence of the driver in leaving the horse untied and unattended and not upon the ground that the horse was vicious. On cross-examination defendant's witness, the driver, was asked: "After the accident, didn't you make a remark to the officer that you had had trouble with this horse before? " He answered: " I don't know." The plaintiff, in rebuttal, then adduced evidence from the officer, over defendant's objection and exception, that the driver after the accident admitted to him that the horse was a troublesome one and that he had had trouble with it before. The admission of the driver after the accident was, as substantive proof, incompetent as against the defendant. It was incompetent as impeaching credibility for the reason that it did not contradict the driver's statement on cross-examination, inasmuch as he did not deny the conversation with the officer, but merely answered, " I don't know." (*Schwartz* v. *Lawrence*, 214 App. Div. 559; *Moore* v. *Rosenmond*, 238 N. Y. 356.) Moreover, the cross-examination was on purely collateral matter, plaintiff having failed to give any evidence as to the viciousness of the horse. The plaintiff was, therefore, in no position to contradict the answer of the witness on cross-examination by the testimony of another witness. The issues of fact were sharply contested and the case was exceedingly close. The error in the admission of this testimony placed before the jury an incompetent admission of an irrelevant and damaging statement. For this reason I think the judgments appealed from should be reversed and a new trial ordered.