HAROLD E. ROBINSON, an Infant, by WILLIAM E. ROBINSON, His Guardian ad Litem, Appellant, *v.* GEORGE ZAPPAS, Doing Business under the Assumed Name and Style of BROADWAY HOME MADE CANDY, Respondent.

WILLIAM E. JACKSON, an Infant, by JOHN W. JACKSON, His Guardian ad Litem, Appellant, *v.* GEORGE ZAPPAS, Doing Business under the Assumed Name and Style of BROADWAY HOME MADE CANDY, Respondent.

Fourth Department, November 13, 1929.

*Clarence M. Maloney,* for the appellants.

*Levant D. Lester,* for the respondent.

PER CURIAM. In each of the above cases plaintiff recovered judgment against defendant for $100 penalty because of the refusal of defendant, acting through his servant, a waitress in his restaurant, to serve the plaintiff with refreshments. Plaintiff, a negro, sued under and pursuant to sections 40 and 41 of the Civil Rights Law (as amd. by Laws of 1918, chap. 196).

The waitress was not produced as a witness by either side. Her absence was explained. She left the city and her whereabouts was unknown. Plaintiffs each gave evidence of the refusal by defendant's servant to serve them ice cream, and of her stating that the reason for her refusal was that plaintiffs were colored, and that " those are my orders." One of the plaintiffs remained in the restaurant, the other went out and procured two witnesses, one a policeman and one a deputy sheriff. They came to the restaurant and had a conversation with the waitress and, under objection and exception to the court's ruling, these witnesses testified that the waitress said: " My orders are, I am not to serve colored people at the tables." She also stated, so these witnesses testified, that defendant was proprietor of the store. One of the plaintiffs testified that the waitress also said to the police officers that her " boss," Mr. Zappas, gave her the orders not to serve colored people.

The Special Term was correct in holding that the admission of this testimony was error. It is claimed by appellants that a case was made out by the undisputed evidence that defendant's servant, acting within the scope of her duties, refused to serve the plaintiffs, under the doctrine of *respondeat superior.* But, even though the plaintiffs' testimony that they were refused service by defendant's servant was undisputed, its credibility was a matter for the jury to determine. Therefore, the error of permitting hearsay evidence of what the servant afterward said concerning her employer's

instructions was prejudicial. In *Moore* v. *Rosenmond* (238 N. Y. 356) plaintiff, injured by defendant's driver, relied upon the presumption that defendant's auto was being used in defendant's business, and the Court of Appeals held that proof of what the driver afterward said as to his being in the employ of the defendant at the time of the accident was improper. In the instant case the hearsay evidence is not given to support a presumption, but is given to support testimony which, though undisputed, could have been discredited by the jury because it was given by interested witnesses.

We also think it was error to permit plaintiffs to make proof of defendant's refusal to serve other colored people upon other occasions. The door to make proof upon such collateral issue was not opened by defendant's testimony, upon cross-examination, that he had not refused service to other colored people upon other occasions.

The judgment should be affirmed, with costs.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

In each case judgment affirmed, with costs.