DMYTRO CHAIKA, Respondent, *v.* CORNELIUS VANDENBERG, Appellant.

102

(Argued October 4, 1929; decided November 19, 1929.)

*Theodore H. Lord, Daniel Miner, William S. O'Connor* and *James B. Henney* for appellant. The trial court erred in holding that, under section 282-e of the Highway Law, it was no defense that the defendant, in giving his consent to his son using his car, had prohibited him from going to New York city. (*Psota* v. *L. I. R. R. Co.*, 246 N. Y. 388; *Benevento* v. *Poertner Motor Car Co.*, 235 N. Y. 125; *Fiocco* v. *Carver*, 234 N. Y. 219; *O'Brien* v. *Stern Bros.*, 223 N. Y. 290; *Coyne* v. *Kennedy*, 229 N. Y. 550; *Rolfe* v. *Hewett*, 227 N. Y. 486.)

*Harry Hartman* for respondent. The defendant is liable for the negligence of the operator of the automobile under section 282-e of the Highway Law (now section 59 of the Vehicle and Traffic Law). (*Cohen* v. *Neustadter*, 247 N. Y. 207; *Amann* v. *Thurston*, 133 Misc. Rep. 293; 224 App. Div. 874; *Plaumbo* v. *Ryan*, 213 App. Div. 517; *Brooks* v. *McNutt Delivery Co.*, 126 Misc. Rep. 730.)

LEHMAN, J. The plaintiff was struck and injured in the city of New York by an automobile owned by the defendant and operated at the time of the accident by the defendant's son. The evidence sufficiently shows that the injuries were the result solely of the negligence of the operator of the car. The defendant claimed that at the time of the accident his son was not operating his car in his business nor with his permission and that he was, therefore, not responsible for any negligence of his son.

At the trial the parties stipulated that they would waive a jury and " that the court may direct a verdict with the same force and effect as if a jury were present." The defendant admitted that he owned the car. He testified that his son, a young man over twenty-one years of age, resided with him at Floral Park, Long Island. Whenever the son desired to use the car for a trip on Long Island, the defendant gave his son permission to do so, but he would not allow his son to use the car to go to New York city. On the evening of the accident the son, according to the defendant's testimony, asked permission to use the car to go " to Westbury, Long Island, to visit some friends." In answer to the question, " What did you tell him about using the car? " the defendant testified: " I told him that he could use the car for a trip to Long Island, because it is very hard to travel there, but I would not allow him to take the car into the city and he promised he would not do that, so I let him have the car for Long Island."

If the defendant's testimony is true, then the son must have disregarded the defendant's limitation upon the use to which he might put the car, for the accident occurred in New York city. Upon that ground the defendant moved to dismiss the complaint. The trial judge reserved decision upon that motion, and thereafter directed a verdict in favor of the plaintiff in the sum of $1,000. In his opinion directing the verdict, the court

expressly stated that " The evidence with respect to the circumstances under which the car was taken out on the particular occasion is not very satisfactory, but I do not consider it material. * * * Where the owner intrusts the car to another to be used in the business or for the pleasure of the driver, I do not think that violation of restrictions put upon the route to be taken should relieve the owner from liability under the statute."

The statute (section 282-e of the Highway Law [Cons. Laws, ch. 25], now section 59 of the Vehicle and Traffic Law [Cons. Laws, ch. 71]) provides that: " Every owner of a motor vehicle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

Even before that statute was enacted, presumptively the owner of a motor vehicle was responsible for the manner in which it was driven. (*Ferris* v. *Sterling*, 214 N. Y. 249; *Potts* v. *Pardee*, 220 N. Y. 431.) In the latter case it was said: " The presumption growing out of a *prima facie* case, however, remains only so long as there is no substantial evidence to the contrary. When that is offered the presumption disappears, and unless met by further proof there is nothing to justify a finding based solely upon it." Here the only evidence offered to meet the *prima facie* proof of control by the defendant is the defendant's own testimony in regard to the restricted permission given to his son. It is not corroborated in any way, and the interest of the witness and the character of the evidence might, not unreasonably, lead to doubt of its truth, even though not contradicted. A trier of the fact might resolve this doubt against the defendant. If this evidence is discarded, the *prima facie* proof of the defendant's control remains unrebutted. " This evidence

was not sufficient in law to destroy the presumption of control, although it might have been in fact." (*Moore* v. *Rosenmond*, 238 N. Y. 356.) (See, also, *Ferris* v. *Sterling, supra; Fallon* v. *Swackhamer*, 226 N. Y. 444; *Der Ohannessian* v. *Elliott*, 233 N. Y. 326.)

The plaintiff now urges that since the trial judge in directing the verdict had power to pass upon all disputed questions of fact, we must presume that the question of the control of the automobile was resolved by him against the defendant and that the judgment must be affirmed upon that ground even though we should be of the opinion that the trial judge erred in holding that the defendant would still be liable under section 282-e of the Highway Law, if at the time of the accident he had in fact parted with control. The ruling of the trial judge in directing the verdict is embodied in the opinion. It expressly states that the trial judge did not pass upon the truth of the defendant's testimony. That question of fact was not resolved either way because the trial judge held that it was not material. If the trial judge was in error in his construction of section 282-e of the Highway Law, then the question of fact upon which the trial judge refused to pass becomes decisive. No fiction can deprive the defendant of his right to a trial upon a decisive question of fact which the record shows was never decided. So we have held under similar circumstances in *Ferrari* v. *First National Bank of Connellsville* (246 N. Y. 382).

We have said that section 282-e " made the owner of a motor vehicle liable for the negligence of a driver who operated it for his own purposes with the assent of the owner." (*Cohen* v. *Neustadter*, 247 N. Y. 207.) Assent must exist at the time of the negligence. Only where the automobile is operated by a person legally using the same with the permission of the owner is the owner liable. Here, according to the testimony of the defendant, he had given his son permission to use the automobile only on Long Island. When the accident occurred the son was

operating the car in New York city. The restricted permission did not cover such use. At that time the son was operating the car illegally and without the assent of the owner.

A different question would arise if the son had received permission to use the car but had deviated from the owner's instructions as to the manner in which the car was to be used or the route to be taken. Deviation by an employee from the strict line of his employer's business or from his directions may not put the employee's act outside of the scope of his employment; so deviation even from the terms of permission to use the car might conceivably be insufficient, of its own force, to terminate the permission and render the use of the car illegal. The testimony of the defendant, if accepted, presents a question of law capable of clear definition. The son for his own purpose took the car to New York city, though the defendant had not only given no permission to use the car for that purpose but had expressly forbidden such use. The restricted permission to use the car for a trip to Westbury was disregarded after the son obtained possession of the car. That permission by its terms excluded the use of the car by the son at the time and place of the accident. Then the use of the car by the son was clearly unlawful and not only without the permission of the owner but contrary to his commands. The statute imposes liability upon the owner of a motor vehicle for the negligence of " any person legally using or operating the same with the permission, express or implied, of such owner." The question before us is whether that language may be construed to include a case where injuries are caused by a person who, at the time of the accident, was using the motor vehicle unlawfully, without permission of the owner and even contrary to his orders, merely because the owner had given the person operating the vehicle permission to use the vehicle for another purpose at another place. We have already indicated

that the statute can receive no such construction by our decisions in *Fluegel* v. *Coudert* (244 N. Y. 393) and *Psota* v. *Long Island R. R. Co.* (246 N. Y. 388).

The judgment should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment reversed, etc.