## PARISO v. TOWSE et al.
### No. 92.

Circuit Court of Appeals, Second Circuit.
Dec. 15, 1930.

Porter & Taylor, of New York City (George B. Greenough, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

## L. HAND, Circuit Judge.

The plaintiff, a boy of fifteen, along with several others, was taken by the defendant, Clayton, for a drive in a motor truck belonging to the defendant, Mrs. Towse, to serenade some friends. There was evidence to justify a jury in finding that on the way, through Clayton's negligence, the car collided with a tree and injured the plaintiff. Clayton was sued and defaulted, and the jury assessed damages against him. Mrs. Towse defended on the ground that she had not consented to Clayton's use of the truck, and therefore that she was not liable under section 282-e of the New York Highway Law (Consol. Laws N. Y. c. 25). The only question raised by the appeal is whether there was evidence enough to go to the jury that she had.

The plaintiff proved nothing except that the defendant owned the truck, and rested on the presumption that Clayton had used it with her consent. Mrs. Towse testified that she ran a boarding house and kept the truck for the needs of the business. Clayton, a young man of twenty-four, was her nephew, and lived with her at her expense. She could not drive the truck, and he did such errands as she directed, going after supplies, taking the boarders' trunks back and forth, and the like; for none of which did she pay him wages. He had been born in the house, had always lived with his aunt and did chores for her, such as carrying wood, milking cows and so on. His mother and father also lived with her and occasionally the father drove the car. All four were a single family living together at Mrs. Towse's expense, doing mutual service. Clayton had often asked leave of Mrs. Towse to use the truck for his own purposes, but she had always denied him, and on the day in question she knew nothing of his proposed drive until she saw him moving away, too far off to hear her call for his return. Clayton corroborated her in this, and the judge thought that there was no evidence on which the jury might find that he was using the car with Mrs. Towse's consent, and dismissed the complaint. The plaintiff appealed.

The defendant's liability depends upon a statute of New York (section 282-e of the Highway Law [Consol. Laws N. Y. c. 25]), but the case in fact turns upon matters of

Wing & Wing, of New York City (James G. Purdy, of New York City, of counsel), for appellant.

procedure; whether the possession of a motorcar raises a presumption that the owner has consented to its use; whether, if so, the presumption does more than put the defendant to his proof, which it does not survive; and whether the plaintiff may use the defendant's denials as evidence of consent. In the case at bar it makes a critical difference that these questions do not arise in an action at common law, in which event the District Court would not be bound by the rules of evidence as understood by the state court—at least in this circuit—[Massachusetts, etc., Co. v. Norwich Pharmacal Co. (C. C. A.) 18 F.(2d) 934, 939], or by those controlling the burden of proof [Hemingway v. Illinois Central R. R., 114 F. 843, 846 (C. C. A. 5); Harmon v. Barber, 247 F. 1, 6, 7 (C. C. A. 6)]. Here we have a statute, a "law" of the state, which concededly we must follow; and the question is whether the procedure, adopted by the state courts in its administration, is as authoritative as its text. We think it is. Central Vermont Ry. v. White, 238 U. S. 507, 35 S. Ct. 865, 59 L. Ed. 1433, Ann. Cas. 1916B, 252, came up on appeal from a trial in a court of Vermont. 87 Vt. 330, 89 A. 618. The cause of action arose under the Federal Employers' Liability Act (45 USCA §§ 51–59), and the question was as to where the burden of proof lay upon the issue of contributory negligence. In Vermont the plaintiff had to show that he had not contributed to his injuries, while, as is well known, the rule is otherwise in a federal court. The Supreme Court held that the procedure was a part of the statute, and that the state courts must conform. We can see no difference between burden of proof and presumption, and the converse must be true. So we think that the New York decisions are controlling in the matter before us.

 It was settled before the statute was passed, and when liability depended upon the common law, that the possession of a vehicle gave rise to a presumption that the driver was upon the owner's business (Norris v. Kohler, 41 N. Y. 43, 44; Ferris v. Sterling, 214 N. Y. 249, 253, 108 N. E. 406, Ann. Cas. 1916D, 1161; Potts v. Pardee, 220 N. Y. 431, 433, 116 N. E. 78, 8 A. L. R. 785; Fiocco v. Carver, 234 N. Y. 219, 220, 137 N. E. 309; Moore v. Rosenmond, 238 N. Y. 356, 358, 144 N. E. 639), and the step was a shorter one, after the statute had imposed liability if he had merely consented to its use (Chaika v. Vandenberg, 252 N. Y. 101, 104, 169 N. E. 103). But the effect in New York of the presumption after the defendant has put in proof is not so plain. In Potts v. Pardee,

supra, page 433 of 220 N. Y., 116 N. E. 78, and Rose v. Balfe, 223 N. Y. 481, 486, 487, 119 N. E. 842, Ann. Cas. 1918D, 238, it was said that the presumption disappears upon any "substantial" evidence in defence; and this would appear to imply no more than that the defendant in the prescribed situation must proceed or lose. This is the ordinary meaning (Wigmore, § 2491) in the case of a true presumption. Whatever its justification in policy, a presumption supplies the place of rational inference, and is for that reason to be sharply distinguished from a "presumption of fact," so-called. While of course the evidence which rebuts it must be "substantial," that is near enough to the issue to be logically significant, once so much goes in, the presumption must always disappear. The probative cogency of the facts which raise it, being by hypothesis not enough to support a conclusion, cannot improve by evidence in rebuttal, at least if this be truly such, and does not itself positively support the issue, though at times, of course, it may do so. Thus it follows that the office of a presumption must disappear when the opposite side puts in proof, and the party charged with the burden of proof must fail, if he goes no further, or cannot use his adversary's evidence as support of the affirmative. To hold otherwise would be to impose the burden of proof upon the party having the negative.

 Upon such an issue as that at bar it might indeed be possible to argue that the owner's denial could be used in positive support of his consent. He has personal acquaintance with the fact, and the jury is certainly free to find affirmatively that his denial is untrue. Moreover, to find the denial false of something necessarily known to the witness, ought to result in finding true the proposition denied. That, however, would, at least if generalized, carry matters too far. An executor could not for example prove a contract with his testator by calling the promisor, and demanding a verdict because his denial was patently untrue. The law does not ordinarily cut so fine; a party must produce affirmative proof. Cruzan v. N. Y. C. & H. R. R. R. Co., 227 Mass. 594, 597, 116 N. E. 879; Lonergan v. Peck, 136 Mass. 361, 364 (semble); Wallace v. Berdell, 97 N. Y. 13, 21; Boatmen's Savings Bank v. Overall, 16 Mo. App. 510. D'Arcangelo v. Tartar, 265 Mass. 350, 164 N. E. 87, is apparently to the contrary on the facts, but the court certainly did not mean to overrule the earlier Massachusetts decisions. Hence if this be an instance of a true presumption, we should, if free,

affirm the judgment, though a jury were free to reject the denials of Mrs. Towse and Clayton. The mere fact of his possession of the truck did not support an inference of consent; yet it was all the evidence on which any such conclusion could be based.

This is, however, not the way in which the New York courts have dealt with the matter, as we understand it. In the only case which has arisen under the statute (Chaika v. Vandenberg), the owner had denied any consent to the driver's use of the car, and, while the decision went off on another ground, the court held that the presumption remained, if the jury rejected the denial. The earlier cases, while they are not authoritative, illustrate the doctrine which has been carried over into the statute, and further confirm our understanding. In these the question was whether the driver was engaged in the owner's business at the time of the accident. In Ferris v. Sterling, 214 N. Y. 249, 108 N. E. 406, Ann. Cas. 1916D, 1161, the owner denied that the driver, his son, was so engaged, and the driver corroborated him. Because of their interest, and of some suspicious circumstances in their story, the case was held to be one for the jury. In Potts v. Pardee, 220 N. Y. 431, 116 N. E. 78, 8 A. L. R. 785, the plaintiff himself called the driver, no longer in the owner's employ, whose denial, coupled with the owner's, was found sufficient to require a dismissal. So too in Der Ohannessian v. Elliott, 233 N. Y. 326, 135 N. E. 518, since it can make no difference who called the witness. In Rose v. Balfe, 223 N. Y. 481, 119 N. E. 842, Ann. Cas. 1918D, 233, the same result followed upon the driver's denial, whom again the plaintiff called. Fiocco v. Carver, 234 N. Y. 219, 137 N. E. 309, we read as depending upon the plaintiff's own proof, which negatived the possibility that the driver was on the owner's business at the moment. In Moore v. Rosenmond, 238 N. Y. 358, 144 N. E. 639, on the driver's story, though, as it stood, it denied that he was on the owner's business, the jury was allowed to find a variant version, which did not differ greatly from what he had said, though necessarily in partial contradiction of it.

It appears from the foregoing that, by the New York law, either the presumption must be treated as evidentiary at all stages of the case, or else that upon this issue a denial may be taken as positive evidence of consent. In ordinary cases it is indeed settled law for us that a jury need not accept a party's uncontradicted evidence [Sigua Iron

Co. v. Greene, 88 F. 207, 212 (C. C. A. 2); Fire Association of Phila. v. Mechlowitz, 266 F. 322, 325 (C. C. A. 2)], though we should not unaided ourselves take the further step necessary. At any rate the New York courts would certainly have sent the issue to verdict, had Mrs. Towse testified alone. Clayton corroborated her, and, as has already appeared, in several cases corroboration changed the result. We are of course not to suppose that there is a rule of thumb in such matters, which the New York courts have been solicitous to disclaim. The question is that which so often arises as to what evidence justifies a verdict; although in application we must own that the result seems to us indistinguishable from putting the burden of proof upon the negative. Here Clayton's bias subjected his testimony to nearly the same scrutiny as Mrs. Towse's. Closely related in blood, along with his parents dependent upon her for support, constantly in her service, he had every motive to avert the loss occasioned by his fault. Nor was it inherently unlikely that she should have given him larger use of the truck than either admitted. Again, though he admitted disobedience of her directions, and for that matter exposed himself technically to a charge of larceny, neither balanced the calamity which the plaintiff's severe personal injuries might bring upon the family. His interest in the outcome was far greater than that of an ordinary driver, whether or not in the employ of the owner. It is true that in Ferris v. Sterling the stories of the owner and driver were suspicious as they read; and that in Moore v. Rosenmond it took but a slight modification of the driver's story to charge the owner, and that too a plausible variant. Moreover, the situation is not apparently treated quite as though the plaintiff had put in affirmative proof of consent, else Potts v. Pardee, Rose v. Balfe, and Der Ohannessian v. Elliott could hardly have been decided as they were. Just where the line is to be drawn we are not sure, but it appears to us that the corroboration at bar will not serve.

Judgment reversed.

SWAN, Circuit Judge (dissenting).

The majority opinion states that the court would, if free to consider the question independently, affirm the judgment. I do not think the New York cases preclude us from doing so. It is true that the opinion in Chaika v. Vandenberg, 252 N. Y. 101, 104, 169 N. E. 103, states that the presumption remains unrebutted if the trier of the fact re-

jects the defendant's denial, but I do not read the opinion as announcing any departure from the court's previous rulings as to the disappearance of a presumption when the defendant offers "substantial" evidence to the contrary (Potts v. Pardee, 220 N. Y. 431, 433, 116 N. E. 78, 8 A. L. R. 785; Rose v. Balfe, 223 N. Y. 481, 486, 119 N. E. 842, Ann. Cas. 1918D, 238; Der Ohannessian v. Elliott, 233 N. Y. 326, 135 N. E. 518); nor as asserting that the testimony of interested witnesses is necessarily insufficient to justify a directed verdict. Suppose six members of the owner's household should testify to the owner's refusal of consent, with nothing to cast doubt on their story, must the case be left to the jury because of the possibility that it might find that all had committed perjury? I do not think the New York rule would so require. See Hull v. Littauer, 162 N. Y. 569, 57 N. E. 102. Believing that we are free to decide the present case according to our own views of the effect of the presumption, I think the judgment should be affirmed.