ISMAEL LOZADA, Plaintiff, *v.* JESSE J. COPELAND et al., Defendants.

Supreme Court, Trial Term, Kings County, January 31, 1955.

*Sidney Ostro* for plaintiff.

*Joseph A. Owens* for George Doscas, defendant.

BROWN, J. This personal injury action was tried before the court without a jury and involved an intersection collision. Plaintiff was a passenger in an automobile owned by the defendant Doscas and driven by one Burgos. It collided with a truck owned and operated by the defendants Jesse Copeland and John Copeland. The two Copelands have never appeared or answered herein.

The issue here is a question of control of the Doscas car at the time of the collision. In his original answer Doscas admitted control, but in July, 1954, he served a notice to amend his answer at the time of the trial to deny control. That motion was granted.

It appears that Doscas loaned his car to his cousin, one Winters, on a Sunday afternoon. Winters was also a neighbor and had borrowed it on previous occasions. Winters told Doscas that he wanted to send the car on an errand (near Ebbets Field). Doscas knew that Winters was not going to drive the car while it was on that errand. At four o'clock on this Sunday afternoon Winters called Burgos, whom he had known for some time, and sent him on this errand to some place in the vicinity of Ebbets Field. On cross-examination Winters admitted that he knew Burgos was going to use the car on some business of his own

because he had asked and had been given permission by Winters to bring the car back late. It appears that later that evening Burgos picked up the plaintiff and some other friends. They visited a dance hall in Manhattan and at 2:45 A.M. the accident happened at the corner of Sumner and Greene Avenues, Brooklyn.

Proof of defendant's ownership of a motor vehicle creates a presumption, under section 59 of the Vehicle and Traffic Law, that the operator of the car was engaged in defendant's service or was using the car with his permission, express or implied (*Wilson* v. *Harrington,* 295 N. Y. 667). Such presumption continues until there is substantial evidence to the contrary (*Christie* v. *Vineberg,* 259 App. Div. 342). The burden of proof remains with the plaintiff (*St. Andrassy* v. *Mooney,* 262 N. Y. 368).

Was the Doscas car, at the time and place of the accident, being used with the permission of the owner? The plaintiff says it was and therefore that Doscas is liable for the alleged negligence of the driver. The owner does not deny that he loaned the car to Winters and that Winters had the authority to permit Burgos to drive it. But he claims that he loaned the car to Winters to be used for an errand in the vicinity of Ebbets Field; that no permission was asked or given to carry passengers or to use the car for any other purpose and that, therefore, at the time and place of the accident, since the car was obviously not being used in accordance with the permission granted, this defendant is not liable for the driver's alleged negligence.

The court finds that sufficient evidence has been presented to negate the presumption of consent and that the motor vehicle of defendant Doscas was not being used with his permission at the time and place of the accident. Section 59 of the Vehicle and Traffic Law does not impose liability upon an owner where permission to use the car is given only for a particular territory and the borrower uses the car outside that territory (*Chaika* v. *Vandenberg,* 252 N. Y. 101).

Accordingly, judgment is granted in favor of the defendant Doscas dismissing the complaint as to said defendant.

The court must now review the facts as to the happening of the collision since this trial must be considered an inquest as against defendants Jesse and John Copeland who are in default.

According to the plaintiff, Burgos deliberately drove through a red light as the lights were changing and the Copeland truck did the same thing. It was significant to the court that the plaintiff did not produce Burgos or any of the other three people who were in the car at the time of the accident. He admitted that he

sees Burgos and saw him only a week before the trial, but claims he made no mention of the fact that this case was coming up for trial. Two of the other passengers were Inez Pinero and her son, George Pinero, both of whom reside where the plaintiff resides, at 407 West 56th Street, Manhattan, New York. When asked by the court why they were not at the trial, the plaintiff said he believes they were asleep at the time the accident happened. The absence of the fifth party, Rafaele Martinez, is explained by the plaintiff's statement that he is a soldier now in Puerto Rico.

Plaintiff testified that the Copeland truck, which was going south on Sumner Avenue, was seen by him when it was fifteen feet away from Greene Avenue and that the light was then red for the truck, but the truck proceeded to enter the intersection and the Burgos car smashed into the right side of the truck.

The court finds that the negligence of the defendants Jesse and John Copeland contributed to the happening of the accident and that the plaintiff was free from contributory negligence. For his injuries, pain and suffering and medical expenses the plaintiff is awarded judgment in the sum of $4,000 against defendants Jesse Copeland and John Copeland.

Submit judgment accordingly.