■ MOTOR VEHICLE ACCIDENT INDEMIFICATION CORPORATION, Respondent, v. CONTINENTAL NATIONAL AMERICAN GROUP COMPANY, Appellant.— In an action to recover money paid by plaintiff to satisfy a judgment in a prior automobile negligence action against one who plaintiff claims was insured by defendant, the appeal is from an order-judgment of the Supreme Court, Queens County, dated August 10, 1971, which (1) denied defendant's motion for summary judgment, (2) granted plaintiff's cross motion for summary judgment, (3) adjudged that defendant's disclaimer of obligation to the claimed insured was invalid and (4) granted recovery to plaintiff against defendant. Order-judgment reversed, on the law, with $20 costs and disbursements; defendant's motion granted; and plaintiff's cross motion denied. One Anderson leased an automobile from Discount Rent-A-Car Corp., defendant's insured, agreeing that the vehicle would not be operated by anyone other than himself, his employer, employee or an adult member of his immediate family, and that he would not surrender the use of the vehicle to any person without first obtaining the lessor's written consent. In violation of the agreement, Anderson lent the leased vehicle to one Sills, who was not a member of any of the stated classes of permittees, without first obtaining the requisite written permission from the lessor. While using the automobile Sills was involved in an accident in which two persons, De Fares and McMillan, were injured. De Fares and McMillan instituted separate actions, the former against the owner-lessor only and the latter against both the owner-lessor and Sills. At the consolidated

trial of those actions the defendant in the instant case, who was the lessor's insurer, refused to defend Sills, claiming that he was driving the vehicle without the lessor's permission and that the lessor's insurance policy only covered the lessor, as the named insured, and those driving the automobile with its permission. Accordingly, the plaintiff in the instant action acted on Sills' behalf and, after providing him with counsel at the trial, paid a judgment entered against him in the amount of $10,286.50. At the trial of the negligence cases the jury answered in the negative the following question: "Was Ronald Sills operating the offending vehicle with the permission of Discount Rent-A-Car?" Based upon this finding, the complaints of both De Fares and McMillan were dismissed as against the lessor. Thereafter, De Fares appealed to this court, raising as a ground for reversal, a claim that public policy prohibited the owner-lessor from limiting its liability by private agreement between itself and its customer. This court rejected this argument, in addition to the others raised by De Fares, and unanimously affirmed, without opinion (*McMillan* v. *Sills*, 36 A D 2d 688). Plaintiff, having been subrogated to any claim that Sills might have had to be indemnified for payment of the judgment entered against him, brought the instant action against the lessor's insurer, claiming an improper disclaimer as to Sills. Plaintiff's claim was based upon the public policy question previously raised by De Fares in her appeal and rejected by this court. Special Term accepted plaintiff's public policy contention and granted judgment in its favor. This we think was error. Under the terms of the insurance policy issued to the lessor, insurance protection in this case ran only to the owner of the vehicle and any person driving with the owner's permission. Since the owner-lessor has already been exonerated of liability on the ground that it had not given Sills permission to drive the vehicle, the instant claim raised by plaintiff against the owner's insurer is rejected. Furthermore, we think *Cooperman* v. *Ferrentino* (37 A D 2d 474) does not require the result urged by Mr. Justice Benjamin in his dissent. In *Cooperman* the owner of the vehicle in question, itself a lessor of automobiles, leased it to another lessor of automobiles under a contract which included the following restrictive clause (p. 476): "'The Lessee is permitted to use the aforesaid motor vehicle(s) at any time and all times, for any and all lawful purposes. Lessee shall use and operate the motor vehicle(s) in a careful manner and permit only experienced licensed drivers over 25 years of age (who shall be agents of Lessee only) to operate the motor vehicle(s) and require such drivers to operate the motor vehicle(s) in a careful manner so as to prevent loss or damage thereto. In no event shall the motor vehicle(s) be driven by the Lessee or its agents while under the influence of intoxicating beverages or narcotic drugs, nor in violation of any federal, state or local law or ordinance, nor for any other purpose, nor in any other manner, which might subject said motor vehicle(s) to confiscation'". It was known by the owner that the lessee rented its cars to the public without reiterating the terms of the above restrictive clause. We considered the terms of the above-quoted provision and the owner's acquiescence in its lessee's ignoring them and decided that under the circumstances of the case the provision in question had been abandoned by the owner and would not be enforced. We held, too, that for the owner of the automobile to have expected that its lessee would permit the rented vehicle to be driven only by one complying with all the provisions of the restrictive clause was under the circumstances of the rental and the known intention of the lessee, unreasonable and certainly not realistic. In addition, we held that it would be contrary to public policy for an owner-lessor of automobiles renting them to another lessor of automobiles, who in turn leased them to the general public, to limit

its liability for injuries resulting from its having placed its vehicles on the road. The elements of *Cooperman* are not present in the instant case. At bar, both the insurance contract and the rental agreement contained the same restrictive clause which we think was, by its terms, both reasonable and realistic. Certainly, the lessor could, in its one-to-one relationship with its individual non-commercial lessee, restrict the use of its vehicle and limit its permission for use of the vehicle to certain groups of persons. Similarly, the insurer was not in the business of leasing cars and cannot be said to have abandoned the terms of its restrictive clause or to have imposed unreasonable restrictions. As we read *Cooperman*, its holding is inapplicable to the instant case. Though we think it represents good law, and take this opportunity to reaffirm the principles therein evinced, we think it presents a case wholly different from that with which we are here presented. Hopkins, Acting P. J., Gulotta, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to affirm, with the following memorandum: In my opinion *Cooperman* v. *Ferrentino* (37 A D 2d 474) is controlling in this action and requires that the order granting summary judgment to respondent be affirmed. In *Cooperman* the automobile owner (Hittner) leased the vehicle to a dealer (First Flushing) who leased the car to one Davis who permitted Ferrentino to drive it. Ferrentino was driving when the automobile struck a third party. We held that Hittner's consent under section 388 of the Vehicle and Traffic Law was established as a matter of law. In discussing one reason for the holding we stated (pp. 477–478): "Finally, we must treat the circumstances of the case against the background of the statute. Hittner, as an operator of a car rental business, is not in the same position as an individual owner of an automobile who lends it to a relative or friend for a specified purpose or limited to a described area (cf. *Hinchey* v. *Sellers*, 7 N Y 2d 287, 292; *Chaika* v. *Vandenberg*, 252 N. Y. 101; *Psota* v. *Long Is. R. R. Co.*, 246 N. Y. 388). The business of leasing automobiles has assumed a widespread and growing role in our economy. The restrictions laid down by the dealer affect the use of many automobiles, not one; and the restrictions continue over the period of the ownership of those automobiles by the dealer in his business, not for the temporary loan by an individual owner to a relative or friend. To the extent that these restrictions render ineffectual the purpose of the statute, the third parties who are injured by the negligence of the lessee are left remediless. We have already made clear in *Barnes* v. *Shul Private Car Serv.* (35 A D 2d 841) that considerations of public policy will prevent the evasion of the statutory liability of a party leasing cars for profit through the attempted device of conditions on use which in truth run counter to the realities and disguise the transaction. The same reasoning has meaning here, where Hittner invokes a condition which might well apply in an individual case, but cannot realistically have effect when applied to a lease by one car dealer to a second car dealer which in turn rents to the public according to the exercise of its own judgment. We hold, therefore, that Hittner's consent under section 388 of the Vehicle and Traffic Law was established as a matter of law and that Hittner is liable to the plaintiffs as the owner of the automobile which negligently caused the injury." In the instant case, the owner of the vehicle (Discount Rent-A-Car Corp.) leased it to Anderson who loaned it to Sills who injured McMillan and De Fares. The only arguable break in the chain of consent was the restriction in Anderson's lease, a restriction of the type we held to be unenforceable as against the public policy of section 388 in *Cooperman*. It follows that for the purpose of insurance coverage Sills was using the automobile with the owner's consent as a matter of law and that the owner's insurer had no right to disclaim its obligation to

defend and insure Sills. Accordingly, Special Term was correct in granting summary judgment to respondent as subrogee of Sills' rights. It is true that in the McMillan-De Fares action the jury found, *as a fact*, that Sills was not operating the vehicle with the lessor's consent. This finding was necessarily based upon the lessor's contractual restrictions as to the vehicle's use. Upon De Fare's appeal, this finding was impliedly affirmed in our affirmance of February 1, 1971 (*McMillan* v. *Sills*, 36 A D 2d 688). On November 29, 1971 we decided *Cooperman*, which held such contractual restrictions unenforceable against third parties and established consent *as a matter of law* (*Cooperman* v. *Ferrentino*, 37 A D 2d 474, 478, supra). On the issue at hand, *Cooperman* and the instant case are indistinguishable. Further, the majority does not purport to change the rule of *Cooperman* and that rule should be applied here.