JOHN T. IRWIN, Appellant, v. THOMAS J. FOLEY, as President of Local Union No. 125 of the International Union of Operating Engineers, an Unincorporated Voluntary Association of More Than Seven Members, JEROME LAVERTY, as Treasurer of Local Union No. 125 of Said International Union, etc., THOMAS J. FOLEY, as President of Local Union No. 14 of the International Union of Operating Engineers, etc., and Another, Respondents.

First Department, March 15, 1940.

*Isidore Beerman*, for the appellant.

*Robert J. Fitzsimmons* of counsel [*Warren H. Mayell* with him on the brief; *Robert J. Fitzsimmons*, attorney], for the respondents.

CALLAHAN, J.   Plaintiff is the former financial secretary of Local Union No. 125 of the International Union of Operating Engineers, a voluntary unincorporated association of more than seven members. He sues at law to recover salary alleged to be due him as such officer for the years 1932, 1933, 1934, 1935 and part of 1936.

Plaintiff established that there was a provision contained in the by-laws of Local Union No. 125 (Art. V, § 1) to the effect that the financial secretary was to be paid a weekly salary in an amount termed " Standard Rate." The parties conceded that " Standard

Rate " meant the prevailing rate of wages that would be received by a member of the union when employed by a third person. This rate during the time in question was $78.50 per week.

Plaintiff proved that he received less than $78.50 per week in almost every week during the period in question. He gave evidence concerning the sums which he had received, showing a shortage ranging from $1,946 to $3,452 during the years involved.

The by-laws of the local union containing the provision fixing the salary of its financial secretary were adopted on December 18, 1934. This was more than a year after the date when plaintiff claims his employment began. Plaintiff attempted to prove that there were similar by-laws in existence before those approved on December 18, 1934, but no sufficient proof of the existence of any such by-laws was introduced. Plaintiff's proof was sufficient, however, to establish, *prima facie*, the existence of some indebtedness to him, at least as to the amounts claimed to have accrued after December 18, 1934.

Defendants' contentions were that the plaintiff had accepted the various sums paid each week which were less than $78.50, pursuant to an understanding between the parties that plaintiff and other officers were to divide what was left in the treasury after the payment of the other expenses of the union and were to waive any rights to further payments. Defendants' proof in this regard consisted mainly of testimony given by their witnesses Laverty and McGrath. These witnesses, in addition to testifying to the fact that it was the custom of plaintiff and the other officers to divide what was left in the treasury after the payment of current expenses, stated that by resolution adopted at a certain meeting of the union there had been an agreement to the effect that the sums so received were to be in full payment.

Laverty was indefinite as to when such resolution was adopted, but McGrath stated that the occurrence took place in a meeting held in October, 1933. It thus appears that the date testified to by McGrath was prior to the adoption of the by-laws which plaintiff offered in evidence. There is no explanation offered as to why, if such a resolution had been adopted in 1933, the by-laws when adopted in 1934 should continue to provide a fixed salary.

In addition, it appears from other provisions in the by-laws that, in order to effect a change therein, a motion was required to be introduced, taking the form of an amendment to the by-laws, which was to be submitted in writing, with the signature of six members in good standing, and adopted at a subsequent meeting by a vote of two-thirds of the members present and voting. (See Plaintiff's Exhibit 2, p. 21.)

After McGrath's testimony had been received, plaintiff attempted to prove in rebuttal that no such motion as that testified to by McGrath had ever been passed. The trial court ruled that the minutes of the meeting of the date in question would be the best evidence of what occurred therein. No minutes of any meeting subsequent to June, 1933, were produced. There was some testimony that these minutes were at the office of the international union in Washington, D. C. The trial court refused to hear oral testimony by witnesses called by plaintiff, who said they were present at the meeting of October, 1933, to contradict the stories told by Laverty and McGrath. Aside from the fact that it is doubtful that the best evidence rule would apply to such a situation, it is plain that, having received oral testimony on behalf of defendants concerning the occurrences in the October meeting, plaintiff should have been permitted to disprove such an occurrence by similar testimony.

We think that this error in the exclusion of evidence requires reversal of the judgment and a new trial.

An additional question is involved concerning the liability to plaintiff of defendant Local Union No. 14. The testimony disclosed that in 1937 Local Union No. 125, together with two other locals, surrendered their charters to the international union, and that a new charter was issued to Local No. 14, into which union the three former locals were amalgamated or consolidated.

The evidence disclosed that Local No. 14 collected approximately $5,300 in dues, which had become due to Local No. 125, that it obtained the bank deposit and other personal property of Local No. 125, and that it paid many of the debts of the last named union. In addition, there was evidence that letters had been written by Local No. 14 recognizing itself as succeeding Local No. 125, and requesting members and contractors with whom it was doing business to treat with Local No. 14 as the successor to Local No. 125.

We are asked to find that this proof was sufficient to establish that Local No. 14 had assumed the obligations of Local No. 125. Assumption of the debts of another is a matter of agreement. We find no proof of such an agreement here. There may be ground for equitable relief against Local No. 14. No such relief is sought in this action. We do not pass on the question of whether the right thereto exists. We find that the complaint was properly dismissed as to Local No. 14.

The judgment should be reversed and a new trial ordered as to Local No. 125, with costs to appellant to abide the event; otherwise judgment affirmed, with costs to remaining respondents.

O'MALLEY, GLENNON, UNTERMYER and DORE, JJ., concur.

Judgment unanimously reversed and a new trial ordered as to Local No. 125, with costs to appellant to abide the event; otherwise judgment affirmed, with costs to remaining respondents. Settle order on notice.