In the Matter of the Arbitration of Certain Differences between VICTOR KLINGER and Others, Individually and as Members of Retail Cigar, Confectionery & Accessories Union, Local 643, R. C. I. P. A., Affiliated with American Federation of Labor, Successor to Retail Confectionery & Tobacco Employees Union, Local 1115-B, R. C. I. P. A., Affiliated with American Federation of Labor, and RETAIL CIGAR, CONFECTIONERY & ACCESSORIES UNION, LOCAL 643, R. C. I. P. A., Affiliated with AMERICAN FEDERATION OF LABOR, by EDITH LYONS, President, Petitioners, Respondents, and J. S. KRUM, INC., Appellant, and UNITED RETAIL CONFECTIONERY, LUNCHEONETTE & SOFT DRINK EMPLOYEES UNION, LOCAL 1115, C. I. O., Impleaded Respondent, Appellant.

First Department, April 19, 1940.

*Henry Schuman* of counsel [*Leon Reich* with him on the brief; *Liebowitz & Schuman*, attorneys], for the petitioners.

*I. Charles Schwalb*, for J. S. Krum, Inc.

*Arthur K. Garfinkel* of counsel [*Markewich & Null*, attorneys], for United Retail Confectionery, Luncheonette & Soft Drink Employees Union, Local 1115, C. I. O.

PER CURIAM. It seems to be assumed by the rival unions — Local 1115, affiliated with the Congress for Industrial Organization, and Local 643, affiliated with the American Federation of Labor — that one or the other has succeeded to the contract between Local 1115-B and the employer, J. S. Krum, Inc., and that one or the other is entitled to enforce the arbitration provisions therein contained. In my opinion that assumption is not justified by the present record, which presents at least an issue of fact which must be tried.

It is manifest that Local 1115, affiliated with the C. I. O., is not the successor of Local 1115-B, affiliated with the A. F. of L., for the reasons stated by the Special Term. Nor does it sufficiently appear that the new local, No. 643, even though created to operate within the same territory, is the "successor" of Local 1115-B within the meaning of the contract. On the contrary, Local 643 was created in substitution of Local 1115-B, whose charter was revoked by the parent body. The very purpose of that action was the destruction of Local 1115-B and the substitution within the same territory of a new local, having a different identity and a new charter. So far as appears the organization of these two locals may be as different as the numerals by which they are designated. Their charter powers may vary as much as do their officers and their membership. The term "successor," as used in the contract, could only have been intended to include a union which by processes of evolution or reorganization had inherited the powers, assets and membership of Local 1115-B. Krum is justified in objecting to being forced into a close relationship with a new entity created to supplant the union with which he contracted, no matter what its affiliations may be. (*N. Y. Bank Note Co.* v. *Hamilton B. N. Co.*, 180 N. Y. 280. Compare, also, *Irwin* v. *Foley*, 259 App. Div. 156.)

It is suggested that the contract was made with the International Association rather than with the union Local 1115-B, and that the International Association may enforce the contract in the interest of its new Local 643. But the contract is executed by Local 1115-B, referred to throughout the contract as "the Union," and not by

the International Association. This is confirmed by the introductory paragraph, which recites that the contract is made between the International Association " on behalf of " union Local 1115-B and not, as the impleaded respondent suggests, by union Local 1115-B " on behalf of " the International Association. Even if the contract had been executed as the recital would indicate, it would have been the contract of Local 1115-B. Under these circumstances there must at least be a trial to determine the identity of the party with whom the contract to arbitrate now exists.

The order should be reversed, with twenty dollars costs and disbursements, and the matter remitted to the Special Term for a trial of the issues.

Present — MARTIN, P. J., GLENNON, UNTERMYER, COHN and CALLAHAN, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements, and the matter remitted to the Special Term for a trial of the issues.