John T. Irwin, Appellant, *v.* Thomas J. Foley, as President of Local Union 125 of the International Union of Operating Engineers, an Unincorporated Voluntary Association of More than Seven Members, and Jerome Laverty, as Treasurer of `Local Union 125 of the International Union of Operating Engineers, an Unincorporated Association of More Than Seven Members, Respondents.

First Department, January 17, 1941.

*Isidore Beerman,* for the appellant.

*Robert J. Fitzsimmons* of counsel [*Warren H. Mayell* with him on the brief; *Robert J. Fitzsimmons,* attorney], for the respondents.

Glennon, J. This appeal is from a judgment rendered in favor of defendant, Local Union No. 125, after a retrial which was ordered upon a prior appeal. Incidentally, this court directed the dismissal of the complaint against a codefendant, Local Union

No. 14. On the former appeal (259 App. Div. 156), Mr. Justice CALLAHAN wrote, in part, as follows:

"Plaintiff is the former financial secretary of Local Union No. 125 of the International Union of Operating Engineers, a voluntary unincorporated association of more than seven members. He sues at law to recover salary alleged to be due him as such officer for the years 1932, 1933, 1934, 1935 and part of 1936.

"Plaintiff established that there was a provision contained in the by-laws of Local Union No. 125 (Art. V, § 1) to the effect that the financial secretary was to be paid a weekly salary in an amount termed 'Standard Rate.' The parties conceded that 'Standard Rate' meant the prevailing rate of wages that would be received by a member of the union when employed by a third person. This rate during the time in question was $78.50 per week.

"Plaintiff proved that he received less than $78.50 per week in almost every week during the period in question. He gave evidence concerning the sums which he had received, showing a shortage ranging from $1,946 to $3,452 during the years involved.

"The by-laws of the local union containing the provision fixing the salary of its financial secretary were adopted on December 18, 1934. This was more than a year after the date when plaintiff claims his employment began. Plaintiff attempted to prove that there were similar by-laws in existence before those approved on December 18, 1934, but no sufficient proof of the existence of any such by-laws was introduced. Plaintiff's proof was sufficient, however, to establish, *prima facie*, the existence of some indebtedness to him, at least as to the amounts claimed to have accrued after December 18, 1934."

It will be noted that we held that the testimony and proof of the plaintiff on the former trial were sufficient to establish, *prima facie*, "the existence of some indebtedness to him, at least as to the amounts claimed to have accrued after December 18, 1934." It was pointed out that the by-laws of Local Union No. 125 were approved on December 18, 1934; further, that plaintiff failed in his attempt to prove that there were similar by-laws in existence which covered the period for 1932, 1933 and 1934, prior to December eighteenth of the last-mentioned year.

Upon this trial the plaintiff has shown that there was a meeting of the membership of the union on July 15, 1932, held at the direction of the Supreme Court, Bronx county. At that meeting by-laws were adopted and a copy thereof was later forwarded to the international president of the union. During that period of time there was a litigation pending between Local Union No. 125 and the parent body. The by-laws adopted on July 15, 1932, were,

according to the undisputed testimony of the plaintiff, the same in every detail as those which were approved by the international president on December 18, 1934, except with respect to the initiation fee. That exception has no bearing whatever upon the question which is here for determination.

The testimony which plaintiff gave upon this trial as to the main question in issue is essentially the same as that which he gave upon the former trial. Since he has supplied the missing link in his proof, as to the adoption of the by-laws on July 15, 1932, by the defendant, Local Union No. 125, we are of the opinion that he established a *prima facie* case and is entitled to recover at the prevailing rate of wages, less, of course, the amount of money he received on account.

Upon the former trial the defendant saw fit to call witnesses by whom it sought to prove that the money for which plaintiff sued was not due and, in addition thereto, as was pointed out by Mr. Justice CALLAHAN, that there was " an understanding between the parties that plaintiff and other officers were to divide what was left in the treasury after the payment of the other expenses of the union and were to waive any rights to further payments."

The defendant upon this trial did not see fit to offer any evidence in defense of the action. An examination of the record in this case indicates that plaintiff clearly has established his right to recover the full amount for which he instituted this suit. In *Hull* v. *Littauer* (162 N. Y. 569) it was said: " Where, however, the evidence of a party to the action is not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and it is not opposed to the probabilities; nor, in its nature, surprising or suspicious, there is no reason for denying to it conclusiveness. * * * " (See, also, *Second National Bank* v. *Weston*, 172 N. Y. 250, 258.)

Consequently, the judgment appealed from should be reversed, with costs, and judgment entered in favor of the plaintiff for the amount demanded in the complaint, with costs.

MARTIN, P. J., COHN and CALLAHAN, JJ., concur; DORE, J., dissents and votes to affirm.

DORE, J. (dissenting). This is the second trial of this action. Both of the trial justices who saw and heard and observed the plaintiff testify as a witness in his own behalf have ruled adversely to his claim. The judgment in defendants' favor on the first trial was reversed by this court only because of errors relating to the admission or exclusion of evidence. (*Irwin* v. *Foley*, 259 App. Div. 156.) We did not hold that the verdict was against the weight of the credible evidence.

The justice who tried the case the second time, in my opinion, properly reached the conclusion that the uncorroborated testimony of this plaintiff, the sole witness in his own behalf and a most interested witness, was " too improbable to be worthy of credence." A reading of the record on appeal enforces the conviction that the trial court was entirely justified in granting judgment in defendants' favor on the basis of plaintiff's direct and cross-examination, even though defendants rested on plaintiff's case. On this trial there were no errors in the admission or exclusion of testimony.

Here, as on the prior trial, the plaintiff, on his own testimony, asked the court to believe that, although he had been receiving $150 a week salary as an engineer for five years prior to the time he was elected financial secretary of the union in 1932, he continued to work in that capacity until 1936 and permitted himself to be re-elected from year to year, although he only received tiny fragments of the wage he claims he was fully entitled to receive and constantly demanded, until there were unpaid balances of over $11,000 due. He swore that he made constant requests and was given constant assurances by the entire membership of 600 men who had worked with him for years, many of whom were his trusted friends. Not one of them was called to corroborate his extraordinary story.

He served from June, 1932, until he was removed in February, 1936, and by that time the local owed him, as he claims, $11,000. Nevertheless, he did not serve a complaint in this action until August 12, 1937, eighteen months after his removal.

The testimony is filled with inconsistencies, contradictions and reckless statements. In spite of the claimed monthly protests for five years there is not a single letter or any other document in writing evincing a protest of any kind to anybody. From 1932 to February, 1936, he says: " I wrote to nobody as to the question of my wages."

The witness was ambiguous, evasive and argumentative. Even in the printed record, it is clear he is not the type of witness one would be inclined to believe. The inferences of improbability which flow from his story are overwhelming.

After two trials in which both trial justices have ruled adversely to plaintiff on the basis of his credibility, I think the judgment in defendants' favor should be affirmed.

Accordingly, I dissent and vote to affirm.

Judgment reversed, with costs, and judgment directed in favor of the plaintiff for the amount demanded in the complaint, with costs. Settle order on notice.